COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Annunziata and Senior Judge Hodges
Argued at Norfolk, Virginia

DAVID G. LINDSEY

v.          Record No. 0088-95-1          OPINION BY
                                          JUDGE ROSEMARIE ANNUNZIATA
COMMONWEALTH OF VIRGINIA                  MARCH 12, 1996

            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Walter J. Ford, Judge

            Charles E. Haden for appellant.

            Robert B. Beasley, Jr., Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     The appellant, David G. Lindsey ("Lindsey"), was tried by

the court on three counts of statutory rape.  The court convicted

Lindsey on one count and sentenced him to forty-five years

imprisonment, with thirty-three years suspended.  On appeal,

Lindsey argues that the trial court erred in (1) admitting into

evidence a complaint of rape made approximately two years after

the alleged incident; and (2) allowing the witness to relate

details of the complaint as described by the victim.  Finding no

error, we affirm the conviction.

     Thirteen-year-old N.D. testified that Lindsey raped her

sometime between July and September 1991 when she was eleven

years old.  Lindsey was N.D.'s basketball coach during that time.

 N.D. testified that Lindsey picked her up from her house to take

her to basketball practice.  She further testified that Lindsey

took her instead to his house where he engaged in sexual

intercourse with her. Lindsey testified in his own defense and denied the allegations.

N.D. remained silent about the alleged rape until she told her friend, Latoya M., approximately two years after the alleged offense. N.D. said she had been too frightened to tell her mother about the incident.

At trial, the Commonwealth asked Latoya what N.D. had told her about what had happened between N.D. and Lindsey. Lindsey objected, stating that the question called for hearsay. The court ruled that the statement was admissible as the "first outcry" in a rape, stating, however, that it would not allow the Commonwealth to elicit a "long dissertation." Latoya then testified that the two girls were at a school carnival sometime in the middle of the 1993 school year when N.D. told her that Lindsey had raped her. On cross-examination, Latoya testified that N.D. told her that the rape occurred at the appellant's house. On redirect, Latoya testified without objection that N.D. told her she had been at the appellant's house because he was dropping her off after basketball practice.

N.D.'s mother first learned of the alleged rape in 1994, upon finding a note written by her daughter describing the event. Assigned to write on the topic of happiness or sadness, N.D. wrote about the alleged rape. However, N.D. placed the writing in her pocket instead of turning it in to her teacher. After finding the note, N.D.'s mother contacted the police.

The complaint made by a rape victim has long been considered an expected and natural expression of the victim's feelings in response to the offense. See, e.g., Haynes v. Commonwealth, 69 Va. (28 Gratt.) 942, 947 (1877). The complaint is a relevant circumstance in determining the complainant's credibility, on the theory that the failure to bring a complaint raises suspicion and doubt about the truth of the report. See Willis & Bell v. Commonwealth, 218 Va. 560, 563-64, 238 S.E.2d 811, 813 (1977); 4 Wigmore, Evidence § 1135, at 298-99 (Chadbourne rev. 1972). As such, "under a rule unique to rape trials, evidence of an out-of-court complaint by a victim is admissible, not as independent evidence of the offense, but as corroboration." McManus v. Commonwealth, 16 Va. App. 310, 312, 429 S.E.2d 475, 475-76 (1993); Cartera v. Commonwealth, 219 Va. 516, 518, 248 S.E.2d 784, 786 (1978). The rule applies even where "the victim's consent is not a defense to the charge of rape." McManus, 16 Va. App. at 312, 429 S.E.2d at 476. When offered for the purpose of corroborating the victim's complaint, the details of the alleged rape are not admissible. See, e.g., Cartera, 219 Va. at 519, 248 S.E.2d at 786.

Lindsey contends that the trial court erred in admitting the complaint as evidence corroborating the alleged rape in this case because the complaint was made approximately two years after the alleged incident. Indeed, admission of such evidence has often been predicated on establishing that the complaint was recent,

reflecting the rule's historical roots in the rule of "hue-and-cry" and its requirement for "fresh complaint." Wigmore, supra, at 298, 301. Early Virginia case law described the rule as allowing "complaint of the outrage [made] soon after its commission." Pepoon v. Commonwealth, 192 Va. 804, 810, 66 S.E.2d 854, 858 (1951); see also Haynes, 69 Va. (28 Gratt.) at 947 (describing rule as requiring victim to "at once make complaint, or . . . be suspected of consent"); Brogy v. Commonwealth, 51 Va. (10 Gratt) 722, 725-26 (1853) (describing rule admitting "recent complaint").

> However, the rule admitting an out-of-court complaint of rape to negative a victim's silence is an exception to the hearsay rule which is not to be confused with the rule permitting hearsay under the res gestae of the event. See Haynes, 69 Va. (28 Gratt.) at 948. Under the res gestae exception to the hearsay rule, the lapse of time between the event and the report is critical to the report's admission. See, e.g., Harris v. Commonwealth, 8 Va. App. 424, 430, 382 S.E.2d 292, 295 (1989).[1] To impose a similar requirement to admit an

---

[1] The admissibility of an out-of-court complaint of rape evidences a history which is "unusually complicated in principles and confused in precedents," because three distinct general principles govern its admission. Wigmore, supra, at 297-98. In addition to the rule admitting a complaint to negative a victim's silence, such evidence may be admitted as a prior consistent statement to rehabilitate an impeached witness or as a res gestae declaration. Wigmore, supra, at 311-13. Each of the three principles governing admissibility differs in the foundation required and the scope of the evidence to be admitted. Id. at

out-of-court complaint as corroborative evidence ignores the purpose of such evidence.

> [I]f it be considered that the purpose of the evidence [of an out-of-court complaint of rape] is merely to negative the supposed silence of the woman, it is perceived that the fact of complaint at any time should be received. After a long delay, to be sure, the fact is of trifling weight, but it negatives silence, nevertheless, and the accompanying circumstances must determine how far the delay has been successfully explained away.

Wigmore, supra, at 302-03.

Citing Wigmore, the Virginia Supreme Court adopted this rationale and established the modern rule. Herron, 208 Va. at 330, 157 S.E.2d at 198 (1967) (citing 4 Wigmore, Evidence 1135, at 222 (3rd ed. 1940)). The Supreme Court held that the "delay in making a report . . . should bear upon the weight to be given the evidence, not its admissibility." Id. Thus, while the lapse of time between the alleged event and the report is certainly an issue, it is a question of weight rather than of admissibility. "[T]he accompanying circumstances must determine how far the

delay has been successfully explained away." Wigmore, supra, at (..continued)
297-314 passim. For example, where the complaint is offered to negative silence, only the fact of the complaint is admissible; neither the details of the offense or a description of the assailant may be admitted. See, e.g., Cartera, 219 Va. at 518-19, 248 S.E.2d at 786; Wigmore, supra, at 306-07. If the evidence is offered either to rehabilitate an impeached witness or under the res gestae exception to hearsay, the details may be admissible. Wigmore, supra, at 311-14. Furthermore, as noted in the text, under the res gestae exception, the timeliness of the report is critical to its admissibility.

303; see also Willis & Bell, 218 Va. at 563, 238 S.E.2d at 813; Corvin v. Commonwealth, 13 Va. App. 296, 299, 411 S.E.2d 235, 237 (1991).

In this case, testimony of the victim's complaint was properly admitted; the issue of the two-year delay was one of credibility properly left to the trier of fact. Furthermore, contrary to Lindsey's contention, the witness did not improperly relate the details of the offense. The witness testified that, while attending a school carnival, she and the complaining witness encountered Lindsey, whom both the victim and witness knew, and the victim told her that Lindsey had raped her. The recitation of these facts does not constitute a discussion of the details of the rape or a description of the assailant within the meaning of Cartera.

Testimony about where the rape occurred was elicited by the appellant on cross-examination and, therefore, cannot be cause for complaint. See Fisher v. Commonwealth, 236 Va. 403, 417, 374 S.E.2d 46, 54 (1988), cert. denied, 490 U.S. 1028 (1989). The defense opened the door to this line of inquiry, entitling the Commonwealth to make further inquiry on redirect examination. Furthermore, the appellant failed to object to the question asked on redirect, waiving his right to raise the issue on appeal. Rule 5A:18; Knight v. Commonwealth, 18 Va. App. 207, 216, 443 S.E.2d 165, 170 (1994).

Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>