COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


TYRONE TERRY
                                            OPINION BY
v.          Record No. 2608-95-2      JUDGE SAM W. COLEMAN III
                                            MAY 6, 1997
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Donald W. Lemons, Judge

             Cullen D. Seltzer, Assistant Public Defender
             (David J. Johnson, Public Defender, on
             briefs), for appellant.

             Margaret Ann B. Walker, Assistant Attorney
             General (James S. Gilmore, III, Attorney
             General, on brief), for appellee.


     The defendant, Tyrone Terry, was convicted in a jury trial

for raping a minor child in violation of Code § 18.2-61.  On

appeal, he contends that the victim's complaint of rape to her

mother, made ten months after the alleged rape, was not

sufficiently recent and reliable to have been admissible into

evidence under Code § 19.2-268.2.  Finding no error, we affirm

the defendant's conviction.

                            BACKGROUND

     On appeal, we review the evidence and all reasonable

inferences fairly deducible therefrom in the light most favorable

to the Commonwealth.  Higginbotham v. Commonwealth, 216 Va. 349,

352, 218 S.E.2d 534, 537 (1975).  The evidence proved that at the

time of the offense the victim (N.F.) was twelve years old.  One

evening during April 1994, N.F.'s mother, a private duty nurse,

had to stay overnight at a patient's home.  The mother asked the defendant, a close friend, to house-sit for her.  The defendant and N.F. were alone in the house that evening.  Around 3:00 a.m., the defendant entered N.F.'s bedroom and raped her.

A few months after the rape, N.F. told her friend "Huck" that the defendant had raped her.  She did so after "Huck" told her about his niece having been raped.  He encouraged N.F. to tell her mother, but she feared her mother would not believe her.  N.F. testified that she also felt partially responsible for the rape because she had asked her mother if she could stay home that night.  N.F. further testified that she did not tell her father because she feared he would become angry, injure the defendant, and end up in jail.  Sometime after N.F. told "Huck" about the rape, she told her friend, Latisha.  While discussing the rape with these two friends, "Huck" threatened to tell N.F.'s mother if she did not.  N.F. telephoned her mother, met her at home, and told her about the rape.  The mother immediately called the police.

Over defense counsel's objection, the mother testified that N.F. called her on February 10, 1995, and said she wanted to talk.  N.F. then reported that the defendant had raped her in April 1994.  The trial judge ruled that the ten month delay in reporting the rape had been sufficiently explained and ruled the evidence admissible.  The trial judge then instructed the jury:

> The evidence of a recent complaint of sexual
> assault such as this is admissible and you
> may consider it, but only for the purpose of

corroborating the other evidence in the case . . . . It is not independent evidence of the act itself. It is only corroborative in nature and that is the only basis upon which you can receive it. The question of its timeliness and how much time took place to make the report, is a matter for you to consider as you weigh the evidence and the credibility of the evidence.

## ANALYSIS

The "recent complaint" exception to the hearsay rule is derived from the early English common law rule requiring the victim of a violent crime to raise a "hue and cry" in the neighborhood so the neighbors would come to the victim's aid, engage in a search for the attacker, and dispel the inference that the victim may have lied about having been attacked. See Allan R. Pearlman, Case Note, Fresh-Complaint Rule, 23 Rutgers L.J. 189, 193 (1991). Under the "hue and cry" rule, which is now discredited, a prosecutrix in a rape case was required to prove a timely complaint of rape in order to prove that a rape had occurred. See Woodard v. Commonwealth, 19 Va. App. 24, 27, 448 S.E.2d 328, 330 (1994); Michael H. Graham, The Cry of Rape: The Prompt Complaint Doctrine and the Federal Rules of Evidence, 19 Willamette L. Rev. 489, 491 (1983).

Since the decline of the "hue and cry" rule, three theories have emerged under which evidence of a recent complaint of rape may be admissible. First, the complaint may be admitted to corroborate the complaining witness' testimony and to rebut the inference of recent fabrication that is raised by a victim's

silence.  See 4 Wigmore, Evidence § 1135(A), at 298-99 (Chadbourne rev. 1972); Graham, supra, at 492-94.  Under this approach, the evidence is corroborative; thus, the substance or details of the complaint are not admissible and the complaining witness is required to testify before the complaint is admissible.  See Wigmore, supra, § 1136, at 307; Graham, supra, at 493.  The second theory admits evidence of a recent complaint as a prior consistent statement of the complainant to rebut a charge of recent fabrication, improper influence or motive.  See Wigmore, supra, § 1137, at 311; Graham, supra, at 494-95.  Under this approach, the complainant must testify; however, the details of the complaint are admissible as long as the testimony is "rebutting in nature."  Wigmore, supra, § 1138, at 311; Graham, supra, at 494.  The third theory admits evidence of a recent complaint under the "excited utterance" or under the res gestae exception to the hearsay rule.  The details of the statement are admissible and the complainant need not testify, but the complaint must have been made immediately after or contemporaneous with the event, meeting the requirements for an excited utterance.  Wigmore, supra, § 1139, at 313-14; Graham, supra, at 495-500.

Virginia has traditionally followed the first theory, admitting evidence of recent complaints of rape as corroborative evidence.  See Fisher v. Commonwealth, 228 Va. 296, 300, 321 S.E.2d 202, 204 (1984); Cartera v. Commonwealth, 219 Va. 516,

518, 248 S.E.2d 784, 786 (1978) ("Only the fact that the complaint was made . . . is admissible; neither the details of the alleged offense nor a description of the alleged assailant, as reported by the victim, may be admitted."); Herron v. Commonwealth, 208 Va. 326, 330, 157 S.E.2d 195, 198 (1967). Thus, under Virginia's common law "recent complaint" rule, evidence of a prompt complaint of rape is admissible to corroborate the complaining witness' testimony regarding the occurrence of the rape. See McManus v. Commonwealth, 16 Va. App. 310, 312, 429 S.E.2d 475, 476 (1993).

Code § 19.2-268.2, enacted in 1993, embodies the common law rule and states in pertinent part, "in any prosecution for criminal sexual assault . . . the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness."  The statute codifies Virginia's common law "recent complaint" hearsay exception, see Report of The Commission on The Reduction of Sexual Assault Victimization in Virginia, Sen. Doc. No. 31, at 3 (1993), and extends the common law rule to crimes for which the rule did not previously apply, such as sodomy, aggravated sexual battery, fornication, and indecent liberties with children.  See 2 Charles E. Friend, The Law of Evidence in Virginia § 18-29 (4th ed. 1993); see also Pepoon v. Commonwealth, 192 Va. 804, 811, 66 S.E.2d 854, 858

(1951) (holding that the "recent complaint" rule applies only to rape cases, not sodomy cases).

The dispositive question in this case is how recent or timely must a complaint of rape be in order to be admissible. Originally, Virginia courts required the complaint to be almost immediate in order to be admissible.

> Such a victim must <u>at once</u> make complaint, or she will be suspected of consent.  The instincts of human nature, revolting at the unnatural and heinous crime, compels [sic] the victim to cry out and denounce its foul perpetrator; and such complaint, made under the smart and indignation of such a cruel injury, has been received by the courts as evidence.  But even in such cases the evidence is confined to the new complaint, and no detailed statement of the transaction is permitted to go in evidence.

<u>Haynes v. Commonwealth</u>, 69 Va. (28 Gratt.) 942, 947 (1877).  In a 1951 sodomy case, the Virginia Supreme Court said that,

> [e]ven if the rule admitting evidence of a recent complaint in rape cases were extended to all sex offenses, including sodomy . . . it must first be established that the testimony which is sought to be introduced as a complaint was in fact a recent complaint and conforms to the rules of evidence controlling the admission of such testimony.

<u>Pepoon</u>, 192 Va. at 811, 66 S.E.2d at 858.  In <u>Herron v. Commonwealth</u>, the prosecutrix reported the rape two days after it occurred.  208 Va. at 330, 157 S.E.2d at 198.  The Supreme Court reiterated that a "complaint should be made soon after the offense occurred"; however, on the facts of the case, the court held that the prosecutrix's delay of two days went to the weight

to be given to the complaint, not its admissibility.  Id.

In relaxing the requirement that a complaint of rape must be immediate in order to be admissible, the Supreme Court has recognized that good reason may exist for a victim to delay reporting a rape.  In Willis & Bell v. Commonwealth, 218 Va. 560, 563, 238 S.E.2d 811, 813 (1977), the Court stated that "[t]he failure to report an alleged rape by force and violence for an unreasonable period after the incident occurred casts suspicion and doubt on the truthfulness of the story of a prosecutrix unless there is a credible explanation given for such delay." See also Broaddus v. Commonwealth, 126 Va. 733, 748, 101 S.E. 321, 325–26 (1919) (holding that because the victim offered an explanation for delay which was not inherently incredible, the complaint was admissible and the delay was a credibility issue to be resolved by the jury).

This Court has held that the "'only time requirement is that the complaint have been made without a delay which is unexplained or is inconsistent with the occurrence of the offense.'" Woodard, 19 Va. App. at 27, 448 S.E.2d at 330 (quoting Edward W. Cleary, McCormick on Evidence § 297 (3d ed. 1984)).  "The initial determination of timeliness under the recent complaint rule is committed to the sound discretion of the trial court, and thereafter, timeliness is a matter for the trier of fact to consider in weighing the evidence."  Id.  In Woodard, the victim was thirteen years old and was raped by her mother's cousin.

Several months after the rape, the victim told her friend, who was also a rape victim, what had happened. She also told her aunt one month after telling her friend. The Court held that the delay was reasonably "explained by and completely consistent with the all too common circumstances surrounding sexual assault on minors -- fear of disbelief by others and threat of further harm from the assailant." Id. at 28, 448 S.E.2d at 330.

In Lindsey v. Commonwealth, 22 Va. App. 11, 467 S.E.2d 824 (1996), this Court upheld the admission of a complaint made two years after the rape and held that "while the lapse of time between the alleged event and the report is certainly an issue, it is a question of weight rather than of admissibility." Id. at 16, 467 S.E.2d at 827. Quoting Wigmore on Evidence, the Court in Lindsey said that when the evidence of a complaint is offered to "'negative the supposed silence of the woman, it is perceived that the fact of complaint at any time should be received.'" Id.

We do not read Lindsey as adopting a rule inconsistent with Woodard and the Virginia common law.[1] Under both Woodard and Lindsey, timeliness is a factor in determining the admissibility of the complaint, the weight of the evidence, and the credibility of the prosecutrix. Thus, under Code § 19.2-268.2, timeliness,

[1] Although Code § 19.2-268.2 had been enacted when the Lindsey case was tried, it was not expressly relied upon by the trial court or the Court of Appeals in its opinion as the basis for admitting the evidence of the recent complaint of rape. Nevertheless, because we have held that Code § 19.2-268.2 incorporated the common law and expanded it to other offenses, the holdings in Lindsey and Woodard are germane.

in relation to the reasons for the delay, must initially be decided by the trial judge in order to determine whether evidence of the complaint can be admitted. To the extent that the appellant reads <u>Lindsey</u> to depart from the common law rule reiterated in <u>Woodard</u>, we find that Code § 19.2-268.2 controls our decision, and Code § 19.2-268.2 is a codification of the common law as stated in <u>Woodard</u>.

Accordingly, we hold that the trial judge did not abuse his discretion by admitting N.F.'s complaint to her mother. While N.F. did not tell her mother about the rape until ten months later, she explained the reasons for the delay. The trial judge found the explanation to be consistent with the nature and circumstances surrounding the offense. N.F. was afraid her mother would not believe her because the defendant was her mother's good friend. She did not tell her father for fear that he would hurt the defendant and end up in jail. She testified that she felt responsible for the rape because she insisted on staying home instead of going with her mother. Thus, the trial court did not err by holding the complaint sufficiently recent to be admissible and then permitting the jury to consider the timeliness of the complaint in determining the weight to give the evidence.

For these reasons, we affirm the defendant's conviction.

<u>Affirmed</u>.