COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Bray and Senior Judge Overton
Argued at Norfolk, Virginia


WAYNE COLLINS CASTELOW
                                            OPINION BY
v.   Record No. 1177-98-1          JUDGE JAMES W. BENTON, JR.
                                         MARCH 16, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Verbena M. Askew, Judge

          Charles E. Haden for appellant.

          Ruth Morken McKeaney, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Wayne Collins Castelow appeals from a conviction for

aggravated sexual battery against a thirteen-year-old child.  See

Code § 18.2-67.3.  He contends the trial judge erred (1) in

admitting testimony that the child made a complaint sixteen

months after the alleged offense, (2) in quashing his subpoena

for the child's diary, and (3) in finding the evidence sufficient

to prove the offense.  For the reasons that follow, we reverse

the conviction and remand for a new trial.

                              I.

     On October 27, 1995, the thirteen-year-old child lived with

her father and was scheduled to visit her mother, who was married

to Wayne Castelow's brother.  The child's mother testified that

the child arrived after school on October 27 and stayed the

weekend in the mother's home.  She testified that Castelow was in

her home on the night of October 27.  The child's mother also

testified that when she and her husband went to their bedroom at 10:30 p.m., Castelow was downstairs with the child and the mother's twelve-year-old son. She further testified that Castelow left her home around 8:00 a.m. on October 28 when her husband went to work. The child's mother recalled that day because another child she was babysitting fell out a window.

The child testified that she and Castelow were watching television alone in the living room of her mother's home after 11:00 p.m. on October 27. Around midnight, Castelow gave her beer to drink as they watched television. She testified that she had consumed six beers by 2:00 a.m. and was "drunk." When the movie ended at approximately 2:00 a.m., the child rose from her chair to go to bed and walked past Castelow. Castelow grabbed her arm, causing her to fall to the floor, and then got on top of her. He unbuttoned her blouse, touched her bare breasts, touched the clothing over her vaginal area, and tried to kiss her. She was able to get away between 2:00 and 2:30 a.m. and went to her bedroom and locked her door. She testified that she saw Castelow and her mother's husband drive away the next day between noon and 2:00 p.m. The child testified that she recalled the date of the incident because it was the same weekend that her half-sister fell out of a window at the house.

Sixteen months later, in February 1997, the child ran away from home. When she returned, her stepmother spoke with her privately and questioned her. The child's stepmother testified that she had read something in the child's diary that caused her

to question the child.  Over objection, the child's stepmother testified that when she questioned the child about the matter in the child's diary, the child told her about the incident with Castelow.

After a complaint was filed with the police, a detective questioned Castelow.  Castelow told the detective he could not remember the date but he recalled an incident with the child at his brother's home.  According to Castelow, he was drinking beer and smoking marijuana when the child asked him for a beer.  As he gave the beer to her, it spilled onto her chest.  Castelow said the child unbuttoned her shirt and placed Castelow's hand on her chest.  He then fondled and kissed her breast.  According to Castelow's statement, he also bit her breast at her request.

Castelow presented evidence at trial to establish that neither he nor his brother were present at the child's mother's home during the weekend in question.  Castelow's brother testified he was living apart from his wife during that time.  He recalled that he was living with his parents the weekend the other child fell from his wife's window.

Castelow's father testified that Castelow's brother was living in his parents' home the weekend in question.  He recalled being at home when Castelow's brother received a telephone call regarding a child falling from the window.  Castelow's mother confirmed that fact and testified that Castelow's brother was living with them when he received the telephone call.  She also testified that Castelow told her after he was arrested that the

child had placed his hand in her blouse and he had touched her breast.

Castelow's employer testified that his employment records indicate Castelow was at work distributing newspapers in North Carolina on October 27, 28, and 29 of 1995. He also testified that the distance from Newport News to his place of business can be travelled in two and one-half hours and that Castelow's work day routinely began at 6:00 a.m., ending two to two and one-half hours later.

The trial judge found "that [the child] was credible," that her story [was] believable," "that the outcry, by telling another individual, was corroboration for that testimony," and "that the explanation . . . provided by . . . Castelow, to the detective in some way corroborates" the child's testimony. The trial judge convicted Castelow of aggravated sexual battery.

## II.

Castelow first contends the trial judge erred in admitting the testimony of the child's stepmother concerning the child's statement that Castelow sexually molested her. He argues that the statement, coming sixteen months after the alleged event, was not a recent complaint. The Commonwealth responds that the trial judge did not abuse her discretion in admitting the testimony as corroboration, pursuant to Code § 19.2-268.2. We hold that the evidence did not provide a proper foundation for the admission of the child's complaint to her stepmother.

The rule has been long established by case decisions that a complaint recently made by the victim of a rape is admissible. See Haynes v. Commonwealth, 69 Va. (28 Gratt.) 942, 947-48 (1877). See also Pepoon v. Commonwealth, 192 Va. 804, 810-11, 66 S.E.2d 854, 858 (1951). In 1993, the legislature statutorily enacted the rule to apply to rape and other specifically designated sexual offenses. In pertinent part, Code § 19.2-268.2 provides as follows:

> Notwithstanding any other provision of law, in any prosecution for criminal sexual assault under Article 7 (§ 18.2-61 et. seq.) of Chapter 4 of Title 18.2 . . . , the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness.

The issue presented in this appeal is whether the child's complaint to her stepmother was made "recently after commission of the offense" as required by Code § 19.2-268.2.

In Pepoon, the Supreme Court noted that "a statement made a week or ten days after the alleged attack . . . [was not] a recent complaint." 192 Va. at 811, 66 S.E.2d at 858. In Herron v. Commonwealth, 208 Va. 326, 157 S.E.2d 195 (1967), where the complaint was made "the second day after it happened," id. at 330, 157 S.E.2d at 198, the Court ruled that the complaint was recent and that the "delay in making a report . . . should bear upon the weight to be given the evidence, not its admissibility." Id.

Despite the Supreme Court's observation in <u>Pepoon</u>, we have upheld admission of a complaint "made more than two months after the crime."  <u>Woodard v. Commonwealth</u>, 19 Va. App. 24, 25, 448 S.E.2d 328, 329 (1994).  In so doing, we held that "[t]he initial determination of timeliness under the recent complaint rule is committed to the sound discretion of the trial [judge]."  <u>Id.</u> at 27, 448 S.E.2d at 330.  We noted, however, that in determining whether the trial judge abused his or her discretion, we must consider whether the evidence in the record provided a sufficient foundation to allow the trial judge to be guided by the "'requirement . . . that the complaint [shall] have been made without a delay <u>which is unexplained or is inconsistent with the occurrence of the offense</u>.'"  <u>Id.</u> (citation omitted).

In <u>Lindsey v. Commonwealth</u>, 22 Va. App. 11, 467 S.E.2d 824 (1996), we affirmed a trial judge's admission of a complaint made by a child "approximately two years after the alleged incident." <u>Id.</u> at 13, 467 S.E.2d at 825.  The child's testimony, in <u>Lindsey</u>, that "she had been too frightened to tell her mother about the incident," <u>id.</u> at 14, 467 S.E.2d at 825, provided the foundation to guide the trial judge's exercise of discretion.  Under those circumstances, the trial judge could have determined that failure to meet the statutory requirement that the "person injured made complaint of the offense recently after commission of the offense," Code § 19.2-268.2, was explained on the record and was not inconsistent with the occurrence of the event.  Indeed, after the <u>Lindsey</u> decision, we noted the following:

> We do not read <u>Lindsey</u> as adopting a rule inconsistent with <u>Woodard</u> and the Virginia common law.  Under both <u>Woodard</u> and <u>Lindsey</u>, timeliness is a factor <u>in determining the admissibility of the complaint</u>, the weight of the evidence, and the credibility of the prosecutrix.  Thus, under Code § 19.2-268.2, timeliness, in relation to the reasons for the delay, must initially be decided by the trial judge in order to determine whether evidence of the complaint can be admitted.

<u>Terry v. Commonwealth</u>, 24 Va. App. 627, 635, 484 S.E.2d 614, 618 (1997) (footnote omitted, emphasis added).

The evidence in this record proved that the child ran away from her home in 1997, sixteen months after she alleges the molestation occurred.  When she returned home, her stepmother inquired of her concerning some matter the mother had read in the child's diary.  During that discussion, the child made statements about the alleged incident.  See <u>Herron</u>, 208 Va. at 330, 157 S.E.2d at 198 (noting that "the answer of a fifteen-year-old girl to questions put by the police [was] a complaint within the meaning of the [common law] rule").  On direct examination, the child testified that she had not previously "said anything to anyone about it."  No evidence in the record explains the delay of sixteen months.

In the absence of evidence in the record explaining the extraordinary delay, we hold that the evidence fails to provide a foundation from which the trial judge could have found that the complaint met the statutory requirement that it was made "recently after commission of the offense."  Code § 19.2-268.2.

III.

The Commonwealth contends that any error was harmless.  We disagree.  "[U]nder Code § 8.01-678, a criminal conviction must be reversed unless 'it plainly appears from the record and the evidence given at the trial that' the error did not affect the verdict."  Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

To convict Castelow of aggravated sexual battery, the Commonwealth bore the burden of proving beyond a reasonable doubt the statutory elements.  Specifically, where, as here, the child "is at least thirteen but less than fifteen years of age," the Commonwealth had to prove "[t]he act is accomplished against the will of the complaining witness, by force, threat or intimidation, or through the use of the complaining witness's mental incapacity or physical helplessness."  Code § 18.2-67.3.

The trial judge found that the child's testimony was "believable."  However, the trial judge also "[found] that the outcry . . . was corroboration for that testimony."  Clearly, the trial judge gave weight to the corroborative effect of the disputed testimony.  Thus, we cannot say that the error did not affect the verdict.  Certainly, if the child's testimony had not been fully credited by the trier of fact, the evidence was sufficient to raise an arguable issue whether Castelow was guilty of the felony or the lesser offense of assault and battery.  See e.g. Johnson v. Commonwealth, 5 Va. App. 529, 365 S.E.2d 237 (1988).

IV.

Castelow also contends the trial judge erred in quashing his subpoena for the child's diary. Citing Rule 3A:11(b), the Commonwealth argues that Castelow was not entitled to the diary because it was not in the possession of the Commonwealth. The Commonwealth also argues that the diary was not proved to be relevant. Because this issue may arise on remand, we address it.

The record establishes that the child and the child's stepmother testified in the Commonwealth's case-in-chief that the child made her disclosure sixteen months after October 1995. The stepmother testified that she questioned the child about Castelow because of something she read in the child's diary. The child testified that she responded to that inquiry.

During a lengthy recess of the trial after the Commonwealth rested its case, Castelow sought the diary from the child pursuant to a subpoena duces tecum. The Commonwealth filed a motion to quash the subpoena on the grounds that the diary was not discoverable because the child and her stepmother "are parties to the action" and because "it is not within the possession, custody, or control of the Commonwealth."[1] The trial judge examined the diary in camera, ruled that it contained no "exculpatory evidence," and quashed the subpoena.

_____

[1]No issue was raised concerning the Commonwealth's right to object to a subpoena issued to a third party. Accordingly, we expressly do not decide that issue.

The Constitution of Virginia provides "[t]hat in criminal prosecutions [the accused] hath a right . . . to call for evidence in his favor." Va. Const. art. I, § 8. "When sought by an accused, a subpoena _duces_ _tecum_ furthers the accused's right 'to call for evidence in his favor.'" Gibbs v. Commonwealth, 16 Va. App. 697, 699, 432 S.E.2d 514, 515 (1993) (citation omitted).

> This unqualified right includes "the right to prepare for trial which, in turn, includes the right to interview material witnesses and to ascertain the truth." This right applies with equal force to the procurement of documentary evidence.
>
> When a defendant seeks disclosure of evidence, the standard to be applied in determining its materiality is whether "a substantial basis for claiming materiality exists." If materials in the hands of third parties "could be used at the trial," they are the proper subject of a subpoena _duces_ _tecum_.

Cox v. Commonwealth, 227 Va. 324, 328, 315 S.E.2d 228, 230 (1984) (citations omitted).

"In a criminal proceeding, either the defendant or the Commonwealth may apply for a subpoena [under Rule 3A:12(b)] to obtain writings and objects that are material to the proceeding and in the possession of a third party." Gibbs, 16 Va. App. at 699, 432 S.E.2d at 515. Thus, under the rule governing the issuance of a subpoena, "if objects or documents are material to the offenses with which an accused is charged, the accused has the right in preparing for trial to examine them." Id. Furthermore, under Rule 3A:12(b), "the scope of a subpoena _duces_

tecum is not limited to those objects or documents that may be used at trial." Id.

In quashing the subpoena upon the finding that the material was "not exculpatory," the trial judge used the wrong standard. The proper inquiry was whether, in view of the testimony of the child and the child's stepmother, a substantial basis existed for claiming the diary was material to the offense charged. Because we must remand for a new trial, we will not now undertake to analyze from the record the issue of materiality. Furthermore, we note that the diary was not proffered in the record by Castelow or by the trial judge "after examining [it] in camera." Id. at 701, 432 S.E.2d at 516. If this matter recurs on remand, the trial judge must consider the issue of materiality.

For these reasons, we reverse the conviction and remand for a new trial.

Reversed and remanded.