COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


DANIEL A. MAJETTE, S/K/A
 DANIEL ANDREW MAJETTE

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2307-98-2          JUDGE MARVIN F. COLE
                                       JANUARY 27, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Timothy J. Hauler, Judge

        James F. Sumpter for appellant.

        Jeffrey S. Shapiro, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Appellant was convicted of two counts of forcible sodomy in

violation of Code § 18.2-67.1.  On appeal, appellant contends that

the trial court erred (1) when it admitted medical evidence, which

included photographs and expert testimony, and (2) when it allowed

the Commonwealth to amend the indictments at the time of trial

without re-arraigning him and without continuing the case to allow

him time to prepare for the amendments.  We disagree and affirm.

                              FACTS

     Appellant was indicted for two counts of forcible sodomy.

The two original indictments stated that appellant committed the

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

charged offenses "on or about June 1, 1996 through September 10, 1996."  At appellant's arraignment on September 23, 1997, several weeks before the trial, appellant was advised that the Commonwealth would likely move to amend the alleged offense dates.

On October 9, 1997, the Commonwealth moved to amend one indictment to allege an offense date of "on or about September 3, 1996 through September 10, 1996" and to amend the other indictment to allege an offense date of "on or about June 1, 1996 through September 2, 1996."  Appellant's objection to the amendment of the indictments was overruled.

At trial, the fifteen-year-old victim testified that appellant penetrated the victim's anus with his finger and penis, causing the victim's anus to bleed.  The victim stated that the last incident occurred on September 3, 1996.  In February 1997, the victim told his aunt about the incidents, and he was taken for a medical examination on February 7, 1997.

Dr. Mirian Barone, an expert on child sexual abuse, testified that the medical examination of the victim's anus revealed thickened folds, a healed tear, and notching, all of which were consistent with trauma and subsequent healing.  Dr. Barone also testified that the injuries did not appear to be recent and that they were consistent with injuries caused by trauma that occurred approximately five to seven months prior to the examination.  Appellant objected to Dr. Barone's testimony, arguing that the examination was "so far removed from the event"

-

that the evidence was more prejudicial than probative.  The trial court overruled appellant's objection.

To depict Dr. Barone's testimony, the Commonwealth introduced two photographs of the victim's anus, taken during the examination.  Appellant objected, arguing that the prejudicial effect of these pictures outweighed their probative value.  The objection was overruled, and the court admitted the photographs into evidence.

ADMISSION OF THE EXPERT'S TESTIMONY AND THE PHOTOGRAPHS

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citation omitted).  "'[E]vidence is relevant if it tends to establish the proposition for which it is offered.'"  Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987) (citation omitted).  "'Upon finding that certain evidence is relevant, the trial court is then required to employ a balancing test to determine whether the prejudicial effect of the evidence sought to be admitted is greater than its probative value.'"  Braxton v. Commonwealth, 26 Va. App. 176, 186, 493 S.E.2d 688, 692 (1997) (citations omitted).  On appeal, a trial judge's ruling that the probative value outweighs any incidental prejudice will be reversed only on a clear showing of an abuse of discretion.  See Ferrell v. Commonwealth, 11 Va. App. 380, 390, 399 S.E.2d 614, 620 (1990).

-

At trial, the victim testified that appellant penetrated the victim's anus with his finger and penis, causing the victim's anus to bleed.  The victim said that the last incident occurred on September 3, 1996 and that no one else touched his anus after that date.  Dr. Barone did not conduct the medical examination of the victim, but reviewed the report, the photographs and the diagrams of the examination.  In permitting Dr. Barone to testify, the trial court found that the testimony was "corroborative of the fact that there was a traumatic injury to the anus."  Dr. Barone's testimony tended to prove that the victim's anus had sustained a traumatic injury five to seven months prior to the examination.  Although the examination took place approximately five months after the last incident, this fact went to the weight of the evidence and not to its admissibility.  See Lindsey v. Commonwealth, 22 Va. App. 11, 16, 467 S.E.2d 824, 827 (1996).

To depict Dr. Barone's testimony, two photographs taken during the medical examination of the victim were admitted into evidence.

"[T]he admission of photographs is a matter resting within the sound discretion of the trial court, and we will not disturb its action unless a clear abuse of discretion is shown."  Stockton v. Commonwealth, 241 Va. 192, 217, 402 S.E.2d 196, 210 (1991) (citation omitted).  "Photographs that accurately portray the crime scene are not rendered inadmissible simply because they are

-

gruesome or shocking." Payne v. Commonwealth, 257 Va. 216, 222, 509 S.E.2d 293, 297 (1999) (citations omitted).

Dr. Barone testified that one photograph showed the healed tear and the thickened area on the victim's anus. Dr. Barone testified that the second photograph showed the notching on the victim's anus. The two photographs accurately portrayed the victim's anus at the time of the examination and showed the abnormalities supporting Dr. Barone's testimony.

We cannot say that the trial court abused its discretion in admitting into evidence Dr. Barone's testimony and the two photographs taken during the medical examination of the victim.

## AMENDMENT OF THE INDICTMENTS

At appellant's arraignment on September 23, 1997, he was charged with two counts that "on or about June 1, 1996 through September 10, 1996, [he] did unlawfully and feloniously commit forcible sodomy . . . ." The Commonwealth's attorney informed the court that there were multiple incidents during the time period. Appellant was informed that the offense dates in the indictments would most likely be narrowed before trial.

On October 9, 1997, the day of appellant's trial, the Commonwealth moved to amend the date of one indictment to "on or about September 3, 1996 through September 10, 1996" and to amend the date of the second indictment to "on or about June 1, 1996 through September 2, 1996." Defense counsel objected, stating:

-

We would object at this late date, taking, basically, two identical charges and now making them two charges with a specific date which was not reviewed by the jury or by the preliminary hearing. There are two indictments sent up with identical dates and identical charges so we would object to that, Your Honor.

After the Commonwealth's attorney responded, defense counsel stated:

Your Honor, my only last comment would be the way it's set up, it would be highly prejudicial to the defendant in that if the jury decides this one item, he's guilty. Then they more than likely would decide he's guilty of the other because they really cover the same series of events. I just think it could be confusing to the jurors' minds.

The court overruled appellant's objection, finding that since September 23, 1997 appellant "was on notice of the fact that there were going to be separate allegations" and "what remained a matter of speculation was what the dates of the allegations would be." The court also found that the amendments to the indictments alleged separate time periods, "but the periods still are encompassed in the time frames that were originally set forth in the two indictments that were issued by the grand jury."

On appeal, appellant argues that the trial court erred in granting the Commonwealth's motion to amend the indictments without re-arraigning him, that the amendments were a surprise, and that the trial court should have continued the case to allow

-

him to prepare for the amendments. On appeal, appellant contends that while the inclusive dates remained the same, one charge isolated the offense to a seven-day time period and that he might have been able to present an alibi defense for this time period. Appellant also contends that the trial court did not give him an opportunity to note this objection or to request a continuance. Appellant further contends that after an indictment is amended, Code § 19.2-231 provides that the accused "shall be allowed to plead anew."

The Commonwealth's motion to amend the indictments covers seven pages of the transcript, and defense counsel spoke four times. Appellant was given an opportunity to request a continuance in order to determine if he had an alibi for the seven-day time period in one of the indictments. The burden was on appellant to request a continuance, and he failed to do so. Code § 19.2-231 provides that, after an amendment to an indictment, "the accused shall be arraigned on the indictment . . . as amended, and shall be allowed to plead anew, thereto, if he so desires . . . ." Appellant never requested the opportunity to "plead anew" to the amended indictments. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, the trial court did not err in granting the Commonwealth's motion to amend the indictments.

-

For the foregoing reasons, we affirm the convictions.

<u>Affirmed</u>.