COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Richmond, Virginia


DONALD GENE BROWN
                                            OPINION BY
v.    Record No. 2395-00-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         NOVEMBER 20, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                    Thomas V. Warren, Judge

         Lucretia A. Carrico (Blandford, Carrico &
         Newlon, P.C., on brief), for appellant.

         Jennifer R. Franklin, Assistant Attorney
         General (Randolph A. Beales, Attorney
         General; Thomas M. McKenna, Assistant
         Attorney General, on brief), for appellee.


     Donald G. Brown (appellant) was convicted in a bench trial

of taking indecent liberties with a child in violation of

Code § 18.2-370.  The sole issue on appeal is whether the trial

court abused its discretion in allowing the testimony of the

victim's stepmother under the "recent complaint" exception to

the hearsay rule.  For the following reasons, we affirm

appellant's conviction.

                              I.

     Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to it all reasonable

inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that during the summer of 1995 when the eleven-year-old victim was with appellant, her grandfather, he involved her in three separate sexual incidents. Each of these events relates to appellant's speaking to or observing his granddaughter in an inappropriate sexual manner.

The third incident, which is the subject of the instant case, occurred in July or August of 1995 during a family cookout.  Appellant took the child with him to have his truck washed.  When her brother and cousin asked to go, appellant replied, "No.  Just [the child]."  During the trip to the car wash, appellant asked her if she liked boys and she said yes. He asked if she knew how boys masturbated, and when she said no, he said he would show her sometime.  Appellant questioned her about how girls masturbated and asked her to show him.  The child told her grandfather that she felt uncomfortable with the conversation, but he continued.  He described dildos his wife had in a drawer and told the child he would show her how to use them.  He also recounted his first sexual experience, saying that he "stuck his dick in" and did not know what to do after that.  Near the end of the trip, he told his granddaughter not to tell anyone about their conversation because he would "get in trouble."

Approximately twenty-one months later, the child told her stepmother about the conversation she had with her grandfather. At trial, over objection, the child's stepmother testified that the child described in detail the events and sexual discussion that occurred in her grandfather's truck. The child testified that she did not report the incident sooner because her grandfather told her not to report it and she "didn't think that anybody was going to believe me." Additionally, during cross-examination, she responded affirmatively to the question of whether she felt "scared and threatened."

Appellant testified at trial and denied that these events occurred.

In finding appellant guilty of taking indecent liberties with a child, the trial court made a specific credibility finding. "The most important testimony comes from you [appellant] and comes from the granddaughter. As compared to you and your testimony, I thought hers [sic] was clear. I thought it was convincing. I thought it was precise, direct and I find it believable, beyond a reasonable doubt." Appellant was sentenced to five years in the penitentiary, all suspended conditioned upon his serving sixty days in jail.

## II.

Appellant argues that the trial court abused its discretion in allowing the victim's stepmother to testify that the child

reported the incident to her.  He contends that the complaint

was not timely and that the foundation existing in the record

was insufficient to explain the delay.

The admission of evidence concerning a rape victim's

complaint as an exception to the hearsay rule is codified in

Code § 19.2-268.2 as follows:

> Notwithstanding any other provision of law,
> in any prosecution for criminal sexual
> assault under Article 7 (§ 18.2-61 et seq.)
> of Chapter 4 of Title 18.2, a violation of
> §§ 18.2-361, 18.2-366, 18.2-370 or
> § 18.2-370.1, the fact that the person
> injured made complaint of the offense
> recently after commission of the offense is
> admissible, not as independent evidence of
> the offense, but for the purpose of
> corroborating the testimony of the
> complaining witness.

"Under the modern rule, it is understood that the 'only time

requirement is that the complaint have been made without a delay

which is unexplained or is inconsistent with the occurrence of

the offense.'"  Woodard v. Commonwealth, 19 Va. App. 24, 27, 448

S.E.2d 328, 330 (1994) (quoting Edward W. Cleary, McCormick on

Evidence § 297 (3d ed. 1984)).  "The initial determination of

timeliness under the recent complaint rule is committed to the

sound discretion of the trial court, and thereafter, timeliness

is a matter for the trier of fact to consider in weighing the

evidence."  Id.  "[I]n determining whether the trial judge

abused his or her discretion, we must consider whether the

evidence in the record provided a sufficient foundation to allow

- 4 -

the trial judge to [determine that] the complaint [was made] without a delay which is unexplained or is inconsistent with the occurrence of the offense." Castelow v. Commonwealth, 29 Va. App. 305, 311, 512 S.E.2d 137, 139 (1999) (emphasis removed).

To support his argument that the record in the instant case is insufficient to provide an adequate foundation for the trial court to admit the child's report to her stepmother, appellant relies on our holding in Castelow. That reliance is misplaced. In Castelow, we held that the trial court erred in allowing testimony of a child's stepmother that Castelow sexually molested the child. The statement was made sixteen months after the alleged event and was inadmissible because "the evidence did not provide a proper foundation for the admission of the child's complaint to her stepmother." Id. at 310, 512 S.E.2d at 139. The foundation was lacking because "[n]o evidence in the record explains the delay of sixteen months." Id. at 312, 512 S.E.2d at 140.

The record in the instant case explains the victim's delay in reporting and is consistent with the occurrence of the offense. The child testified that she did not tell anyone about the incident because her grandfather told her not to tell and she "didn't think anybody was going to believe me." Further, on cross-examination, she answered affirmatively that she felt

scared and threatened by appellant. These facts distinguish this case from Castelow.

In Lindsey v. Commonwealth, 22 Va. App. 11, 467 S.E.2d 824 (1996), we affirmed the trial court's admission of a child's complaint made two years after the alleged incident. The evidence established that "she had been too frightened to tell her mother about the incident." Id. at 14, 467 S.E.2d at 825. We held that "while the lapse of time between the alleged event and the report is certainly an issue, it is a question of weight rather than of admissibility." Id. at 16, 467 S.E.2d at 827. Discussing Lindsey, we stated in Castelow that "[u]nder those circumstances, the trial judge could have determined that failure to meet the statutory requirement that the person injured made complaint of the offense recently after commission of the offense was explained on the record and was not inconsistent with the occurrence of the event." Castelow, 29 Va. App. at 311-12, 512 S.E.2d at 140 (internal citations omitted).

In the instant case, the delay of approximately two years was sufficiently explained and provided an adequate foundation for the admission of the child's complaint. Thus, we hold that the trial court did not abuse its discretion when admitting the testimony. For these reasons, we affirm appellant's conviction.

Affirmed.