COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Felton and Kelsey
Argued at Richmond, Virginia

ALEXANDER ALMOND, JR.

v.    Record No. 3071-01-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE D. ARTHUR KELSEY
DECEMBER 17, 2002

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

Matthew P. Geary for appellant.

Jennifer R. Franklin, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.

The trial court convicted the appellant, Alexander Almond,

Jr., of sexually battering and forcibly sodomizing a

seven-year-old girl, in violation of Code §§ 18.2-67.3 and

18.2-67.1. At trial, the Commonwealth offered the corroborative

testimony of the child's stepmother under the recent complaint

rule codified by Code § 19.2-268.2. Almond objected, arguing

that the child's "delayed making of the statement" took it

outside of the recent complaint rule. The trial court overruled

the objection.

---

[*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

For two reasons, Almond claims that the trial court erred by admitting the stepmother's corroborative testimony. First, Almond argues that the trial judge did not make sufficient findings on the record to support the admission of the testimony. Subsumed within this argument is the contention that the child unreasonably delayed her complaint to her stepmother. Second, Almond argues that, irrespective of the timeliness of the child's complaint, the trial court erred by allowing the stepmother to testify regarding certain factual details of the complaint. Finding neither contention persuasive, we affirm.

I.

On appeal, we must review the evidence "'in the light most favorable to the Commonwealth'" and grant it the benefit of any reasonable inferences. Ward v. Commonwealth, 264 Va. 648, 654, 570 S.E.2d 827, 831 (2002) (quoting Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975)). That principle requires us to "'discard the evidence of the accused'" which conflicts, either directly or inferentially, with the Commonwealth's evidence. Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002) (quoting Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998)). We view the facts of this case, therefore, through this evidentiary prism.

-

In 1999, the victim, K.F., resided with her divorced mother, younger brother, and maternal grandparents at her grandparents' home in Chesterfield. Her father resided in North Carolina with his new wife and had regular visitation with K.F. K.F.'s mother dated Almond throughout the year of 1999.

From January to at least December 1999, Almond visited K.F.'s residence during the daytime "two or three days a week." K.F.'s grandparents normally departed the house in the morning for work, leaving K.F., her four-year-old brother, and her mother alone. K.F.'s mother was enrolled in classes and spent much of her time upstairs doing homework on a computer during the afternoon, enabling Almond to spend unsupervised time with K.F. downstairs.

During these unsupervised times, K.F. testified that Almond attempted "to have sex" with her. Specifically, K.F. testified that Almond unzipped his pants and "put his hands behind [her] head and made [her] suck him." On other occasions, K.F. testified, Almond touched her on her chest, pulled down her shorts and underwear and touched her "privates . . . between [her] two legs" with his finger.

K.F. testified that she was too scared to tell her mother what was happening because she was afraid of Almond and she was afraid that her mother might not believe her. As a result, it was not until July 2000, during a visit with her father in North

-

Carolina, that K.F. finally complained to her stepmother about Almond's actions. She told her stepmother "[j]ust to get it out so it could stop happening."

After K.F's testimony, the Commonwealth called the stepmother to corroborate K.F.'s complaint. The stepmother testified that during a visit to North Carolina, K.F. "said that she had something she wanted to talk to me about in the bathroom." At that point, Almond's counsel objected: "Objection as to what [K.F.] has to say." Explaining the nature of this objection, counsel stated:

> Judge, just for the record, I'd state that I
> think a lot of the case law deals with
> parents and stepparents as far as the
> delayed making a statement.

The Commonwealth argued in favor of admitting the testimony on the basis of the recent complaint exception to the hearsay rule and proffered a number of cases supporting its argument. The court overruled Almond's objection, stating only that it was "familiar with the cases" the Commonwealth cited.[1]

The stepmother testified that K.F. told her "Alex tried to have sex with me." She asked the seven year old "what she meant

---

[1] Almond briefly argued that "the Castelow case . . . can be read either way" in response to the Commonwealth's citation of Castelow v. Commonwealth, 29 Va. App. 305, 512 S.E.2d 137 (1999), regarding the issue of a victim's delay in making a complaint. Almond, however, made no further objections regarding the recent complaint rule.

-

by it" and stated that K.F. told her "he had pulled down her shorts and underwear and played with her private areas." The stepmother asked the victim, "What do you mean by your private areas?," and K.F. responded, "Where I pee from."

In response to further questioning, the stepmother testified that two days later, K.F. confided additional incidents to her. Specifically, K.F. told her stepmother that "Alex had made her put her mouth on his penis, and he would take her head and push it up and down and that, after he did this for a while, some slimy gook stuff had come out the end of it." Almond failed to object to any portion of this testimony.

After hearing the evidence, just prior to closing arguments, the trial judge made the following unprompted remark:

> The Court needs to relate for the record
> that in denying the defense motion regarding
> the objection to the -- or the recent
> complaint that the Court did consider the
> statutory requirements of 19.2-268.2.

Neither the Commonwealth nor Almond offered any response to the court's statement. Following closing arguments, the trial court found the evidence established Almond's guilt beyond a reasonable doubt on the indictments alleging aggravated sexual battery and forcible sodomy.

## II.

Almond assigns error to the trial court's admission of the stepmother's testimony under the recent complaint exception to the

-

hearsay rule.  Decisions on the admission of such evidence "lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion."  Mitchell v. Commonwealth, 25 Va. App. 81, 84, 486 S.E.2d 551, 582 (1997) (citing Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1989)); see also Leonard v. Commonwealth, 39 Va. App. 134, 148, 571 S.E.2d 306, ___ (2002) (admissibility issues fall within the "broad discretion of the trial court").

### A.

Code § 19.2-268.2 codified the recent complaint exception to the hearsay rule.  See generally Brown v. Commonwealth, 37 Va. App. 169, 554 S.E.2d 711 (2001); Terry v. Commonwealth, 24 Va. App. 627, 484 S.E.2d 614 (1997).  The exception applies only to criminal sexual assault.  Code § 19.2-268.2 permits testimony of the "fact that the person injured made complaint of the offense . . . not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness."

Almond argues that the trial court erred by making "no findings on the record" to support the admission of the testimony. Almond relies on Castelow v. Commonwealth, 29 Va. App. 305, 311, 512 S.E.2d 137, 140 (1999), which requires the trial judge to exclude recent complaint testimony when the victim's delay in making the complaint is "unexplained or inconsistent with the

-

occurrence of the offense."  However, Almond incorrectly reads Castelow to add a requirement that the trial court must make its foundation findings explicit on the record.

Code § 19.2-268.2 does not require a trial court to make express factual findings prior to admitting a recent complaint. We certainly agree with Almond that it would be better practice for a trial judge to state such findings on the record.  Doing so would not only serve to clarify the issues for the litigants and avoid unnecessary appeals, it would defeat the unfair criticism of trial judges as being result-oriented in their decisionmaking and relying on legal analysis only as an after-the-fact rationale. Indeed, Almond lodges just such a charge in this case.  See Appellant's Brief at 11 (alleging the trial judge made his unprompted remark about Code § 19.2-268.2, long after he had sustained the objection, simply "as an afterthought").

But the fact remains ── the failure of a trial court to record its express findings on routine evidentiary matters, in itself, does not constitute an abuse of discretion.  "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts."  Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977); Shenk v. Shenk, 39 Va. App. ___, ___, ___ S.E.2d ___, ___, 2002 Va. LEXIS 680 at *10 (2002) ("A trial court is presumed to apply the law correctly.");

-

Oliver v. Commonwealth, 35 Va. App. 286, 297, 544 S.E.2d 870, 875 (2001) ("The trial court's judgment is presumed to be correct."). This presumption assumes the trial court made whatever subsidiary factual findings necessary to support its decision to admit contested evidence. Put another way, when the trial judge said that in overruling Almond's objection "the Court did consider the statutory requirements of 19.2-268.2," we take him at his word.[2]

The specific findings Almond contends the court failed to make relate to the timeliness of K.F.'s complaint to her stepmother. "'The initial determination of timeliness under the recent complaint rule is committed to the sound discretion of the trial court, and thereafter, timeliness is a matter for the trier of fact to consider in weighing the evidence.'" Brown, 37 Va. App. at 172-73, 554 S.E.2d at 713 (quoting Woodard v. Commonwealth, 19 Va. App. 24, 27, 448 S.E.2d 328, 330 (1994)); Terry, 24 Va. App. at 634-35, 484 S.E.2d at 617-18. The timeliness question asks whether the complaint has been made "'without a delay which is unexplained or is inconsistent with the occurrence of the offense.'" Woodard, 19 Va. App. at 27, 448

---

[2] Cf. Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884 (2001) ("Although a better practice would be for a trial court to include a statement reflecting its decision to exercise its discretion, in the absence of such a statement, we presume that a trial court exercised its discretion to dispense with the Rule's requirements. Courts are presumed to act in accordance with the law and orders of the court are entitled to a presumption of regularity.").

-

S.E.2d at 330 (quoting Edward W. Cleary, McCormick on Evidence § 297 (3d ed. 1984)) (emphasis omitted).

We find ample evidence in the record to support the trial court's implicit finding that K.F.'s delay was both explainable and consistent with the offense. K.F. testified that she was afraid her mother would not believe her and continued to fear Almond given what he had done to her. Such fears are common and accepted explanations for delay in notifying others of sexual abuse ⸺ particularly when the victim is a minor. See, e.g., Brown, 37 Va. App. at 173, 554 S.E.2d at 713 (child "didn't think anybody was going to believe" her and "felt scared and threatened" by the sex offender); Terry, 24 Va. App. at 636, 484 S.E.2d at 618 (child was "afraid her mother would not believe her" and she was afraid her father would hurt the assailant and "end up in jail"). Such delays are "completely consistent with the all too common circumstances surrounding sexual assault on minors." Woodard, 19 Va. App. at 28, 448 S.E.2d at 330.

Finally, Almond argues that while K.F.'s fear that her mother would not believe her "provides a conceivably valid explanation," it "does not explain the delay in telling anyone else," including her stepmother or father. We do not find this to be a convincing distinction. A child on the witness stand should not have to itemize the universe of potential reportees to explain her delay. Viewing the evidence in the light most favorable to the

-

Commonwealth, it is reasonable to infer that a seven-year-old child's fear in this regard would be as acute, if not more so, with regard to her stepmother as it was with regard to her mother.

B.

Almond also claims the trial court erred by allowing the stepmother to testify about the details of the complaint.  At trial, however, Almond failed to make this specific objection.  See Rule 5A:18.  Nowhere in the record did Almond object that the details reported by K.F. were inadmissible.  Because the trial court did not have the opportunity to consider this issue during the trial, Rule 5A:18 bars us from considering the issue for the first time on appeal.  See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (holding that an appellate court will not consider an argument on appeal different from one raised at trial even if it is related to the same issue); West Alex. Prop. v. First Va. Mort., 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) ("On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court."); Shenk, 39 Va. App. at ___, ___ S.E.2d at ___, 2002 Va. LEXIS 680 at *11 (to preserve an issue for appeal, the "specific argument" made on appeal must have been made in the trial court).

-

Though Rule 5A:18 contains a "good cause" or "ends of justice" exception to procedural default, we decline to use it in this case.  See generally M. Morgan Cherry & Associates, Ltd. v. Cherry, 38 Va. App. 693, 701, 568 S.E.2d 391, 395 (2002) (en banc).  This exception "'is narrow and is to be used sparingly'" by an appellate court.  Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10 (1989)).

Before we will apply the exception, "a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred."  Id. (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)) (emphasis in original); Andrews v. Commonwealth, 37 Va. App. 479, 494, 559 S.E.2d 401, 409 (2002).  This showing cannot be made except in "extraordinary situations," when we fear that "clear, substantial and material error" has occurred.  Phoung v. Commonwealth, 15 Va. App. 457, 463, 424 S.E.2d 712, 716 (1992) (citation omitted).  In this case, we see no occasion for declaring the trial court's admission of the details of the recent complaint to be a miscarriage of justice.[3]

_____

[3] See generally Mitchell v. Commonwealth, 25 Va. App. 81, 86, 486 S.E.2d 551, 553 (1997) ("It is unreasonable to expect the victim of such an offense, particularly a child, to express his report in succinct, technical terms.  It is consistent with human experience that such a victim will lodge his complaint in the form of a description of the event, and in that description

-

III.

In sum, ample evidence in the record explains K.F.'s delay in complaining to her stepmother.  As a result, the trial judge did not abuse his discretion by admitting the testimony under the recent complaint rule codified in Code § 19.2-268.2.  And because Almond failed to make a specific objection directed to the details of K.F.'s complaint, as opposed to the timeliness of the complaint, Rule 5A:18 bars this issue from being raised for the first time on appeal.

Affirmed.

---

lies his complaint of the offense.  The brother's testimony described such a complaint.  It exceeded in no significant way a report of the offense.  The details of the victim's complaint were elements of the offense.  Without those details, the complaint would have been incomplete.").

-