Present:   All the Justices

COMMONWEALTH OF VIRGINIA
                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 012506            November 1, 2002

LONNIE L. TWEED, JR.,
s/k/a LONNIE LEE TWEED

            FROM THE COURT OF APPEALS OF VIRGINIA

                          I.

    In this appeal of a judgment from the Court of Appeals,

we consider whether the Court of Appeals erred in reversing a

criminal defendant's convictions and granting the defendant a

new trial based upon purported after-discovered evidence.

                          II.

    Lonnie L. Tweed, Jr., was indicted by a Chesterfield

County grand jury for the following offenses:  the first-

degree murder of James Monroe Hoover in violation of Code

§ 18.2-32; the use and display in a threatening manner of a

firearm during the commission of murder in violation of Code

§ 18.2-53.1; the attempted robbery of James Hoover in

violation of Code §§ 18.2-58 and 18.2-26; and the use and

display in a threatening manner of a firearm during the

commission of an attempted robbery in violation of Code

§ 18.2-53.1.

    The following evidence was presented at a jury trial.  On

the evening of June 25, 1998, Tweed, Ryan Bennett, Roger

Narragon, David Joseph Sanchez, Jr., and Shaun Holmes, attended a party at the home of a woman in the City of Hopewell. The men drank beer and some of them, including Sanchez, ingested LSD and other illegal drugs. The men left the woman's home sometime around midnight and got into Narragon's car. Narragon sat in the driver's seat, and Holmes sat in the front passenger seat. Tweed sat in the backseat immediately behind Holmes. Bennett sat in the middle of the backseat, and Sanchez sat in the backseat directly behind the driver. Sanchez had a pistol in his hand. The pistol was described as "Tech Nine," and it was wrapped in "wash rags."

Before the men left the house to get into the car, Tweed made the statement, "[t]ime to get paid." Bennett understood that this statement meant that Tweed intended to commit a robbery.

The men "rode around in Hopewell" for a few hours. They traveled into Chesterfield County, which is adjacent to Hopewell. While on Route 10 in Chesterfield County, the men saw Hoover, who was on a motorcycle at a gasoline station. Narragon, who was still driving the car, made two "U-turns" and began to follow Hoover.

Bennett testified that as Narragon drove his car behind Hoover's motorcycle, Tweed told Bennett "[t]o rob the man." Bennett responded, "No." Sanchez stated, "I'll do it."

2

Sanchez "leaned out the [car] window and shot [Hoover]" several times. The men panicked, and Narragon drove the car away from the crime scene. Hoover was shot at approximately 4:30 a.m. After he was shot, Hoover managed to drive his motorcycle "to the side of the road and cut his lights out" before he died.

Dr. Deborah Kay, who qualified as an expert witness in the subject of forensic science, performed an autopsy on the victim's body. She testified that Hoover sustained three gunshot wounds to his body and that his death was caused by injuries from those wounds.

At the conclusion of the jury trial, the jury convicted Tweed of the charged offenses and fixed his punishment at 30 years imprisonment for the first-degree murder conviction, three years imprisonment for the use of a firearm in the commission of murder, ten years imprisonment for attempted robbery, and five years imprisonment for the use of a firearm in the commission of attempted robbery. After the trial, but before the entry of the circuit court's final judgment, the defendant filed a motion for a new trial based on his purported discovery of new evidence. Sanchez was tried for the capital murder of Hoover approximately two months after the date of Tweed's trial. During a hearing on Tweed's motion for a new trial, Sanchez' counsel testified that he would not

have permitted Sanchez to testify at Tweed's trial.

Additionally, Sanchez testified at his trial as follows:

> "[W]hen we was heading towards, westbound towards Richmond, we came across – well, to me when we got up beside the motorcycle, what I seen was I had a hallucination due to the LSD, so what I seen was when we pulled up beside [the motorcycle], it was a demon on flames, and it was laughing and it was calling my name.  And, Your Honor, I just leaned out the window and started shooting at that."

Sanchez also testified that he did not make any remarks about the commission of a robbery before or after the victim's death.  The circuit court denied the motion for a new trial and entered judgment confirming Tweed's convictions.

The defendant appealed the judgment of the circuit court to the Court of Appeals and argued, among other things, that he was entitled to a new trial based on the so-called after-discovered evidence.  The defendant also asserted in the Court of Appeals, and the Commonwealth concedes, that the defendant is entitled to a new sentencing hearing because during the jury's sentencing deliberations, the jury asked the circuit court whether parole was possible for each sentence, and the court instructed the jury that it should not be concerned with parole.

The Court of Appeals held that our decision in Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000), is controlling and that the defendant is entitled to a new

4

sentencing proceeding. Tweed v. Commonwealth, 36 Va. App. 363, 369, 550 S.E.2d 345, 348 (2001). The Court of Appeals also held, however, that the defendant is entitled to a new trial because of the so-called after-discovered evidence, and the Court of Appeals reversed the convictions and remanded the case for a new trial. Id. at 374-75, 550 S.E.2d at 350-51. The Commonwealth appeals.

### III.

### A.

The Commonwealth argues that the Court of Appeals erred because it considered an excerpt from the transcript of Sanchez' testimony given in his capital murder trial and that transcript was not made a part of the record in this case. We will not consider the Commonwealth's contention because the Court of Appeals held that the transcript had been made a part of the record, and the Commonwealth failed to assign error to that holding of the Court of Appeals.

### B.

The Commonwealth argues that the Court of Appeals erred in concluding that Tweed is entitled to a new trial based upon after-discovered evidence. The Commonwealth contends that Tweed failed to establish that had Sanchez' testimony been admitted in Tweed's trial, the result in Tweed's trial would have been different. Responding, Tweed contends that, had

5

Sanchez' testimony been presented to the jury, "there is a reasonable probability of a different result."  We disagree with Tweed, and we note that he urges the application of an erroneous standard in this appeal.

We have repeatedly and consistently stated that "[m]otions for new trials based on after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance."  Stockton v. Commonwealth, 227 Va. 124, 149, 314 S.E.2d 371, 387 (1984); Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983); accord Payne v. Commonwealth, 233 Va. 460, 472, 357 S.E.2d 500, 507 (1987); Starks v. Commonwealth, 225 Va. 48, 56, 301 S.E.2d 152, 157 (1983); Lewis v. Commonwealth, 209 Va. 602, 608, 166 S.E.2d 248, 253 (1969); Reiber v. Duncan, 206 Va. 657, 663, 145 S.E.2d 157, 161-62 (1965).  A party who seeks a new trial based upon after-discovered evidence

> "bears the burden to establish that the evidence (1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial."

Stockton, 227 Va. at 149, 314 S.E.2d at 387; Odum, 225 Va. at 130, 301 S.E.2d at 149; accord Payne, 233 Va. at 472, 357

6

S.E.2d at 507; Starks, 225 Va. at 56, 301 S.E.2d at 157;

Fulcher v. Whitlow, 208 Va. 34, 37-38, 155 S.E.2d 362, 365

(1967).  The moving party must establish each of these

mandatory criteria.

The issue before this Court is whether the circuit court

abused its discretion in denying the defendant's motion for a

new trial.  In the exercise of its discretion, the circuit

court must consider whether the party who seeks the new trial

on the basis of after-discovered evidence has established the

mandatory criteria that we enumerated in Odum and other cases.

We hold that in this case, the circuit court did not abuse its

discretion because the defendant failed to establish that

Sanchez' testimony was "such as should [have] produce[d]

opposite results on the merits at another trial."

The jury accepted Bennett's testimony that Tweed stated

it was "[t]ime to get paid," which meant that Tweed and his

cohorts planned to leave the woman's house in Hopewell and

commit a robbery.  The jury rejected Tweed's evidence at trial

that he had not intended to commit a robbery.  Tweed, who was

seated in the backseat with Sanchez and Bennett, knew that

Sanchez was armed with a pistol.

Bennett testified at Tweed's trial that he had not

expected Sanchez to shoot Hoover and, thus, Sanchez' testimony

that he shot Hoover unexpectedly would, at best, have been

7

cumulative, corroborative, or collateral.  The jury was also aware that Tweed and his cohorts planned to rob someone, that they selected the victim as he innocently sat on a motorcycle in a gas station parking lot, and that Narragon turned the car around so that the defendant and his companions could follow the victim.  While they followed the unsuspecting victim, the defendant asked Bennett "[t]o rob the man," and only after Bennett said "No," did Sanchez respond, "I'll do it," and he "leaned out the [car] window" and shot the victim several times.

## IV.

Accordingly, we will reverse that portion of the judgment of the Court of Appeals that awarded the defendant a new trial because of the purported after-discovered evidence, and we will reinstate the defendant's convictions.  We will remand the case to the Court of Appeals with directions that it remand the case to the circuit court for a new sentencing proceeding because of the circuit court's erroneous instruction to the jury regarding parole that was in violation of our decision in Fishback v. Commonwealth.  We will affirm the remaining portion of the judgment of the Court of Appeals.

Affirmed in part,
reversed in part,
and remanded.