COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Kelsey
Argued at Chesapeake, Virginia


EMANUEL CORNELIUS SIMMONS

                                                           MEMORANDUM OPINION[*] BY
v.        Record No. 2028-06-1                           JUDGE LARRY G. ELDER
                                                             FEBRUARY 19, 2008

COMMONWEALTH OF VIRGINIA


                   FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                              Everett A. Martin, Jr., Judge

              J. Barry McCracken for appellant.

              Richard B. Smith, Special Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


       Emanuel C. Simmons (appellant) appeals from his jury trial convictions for murder, using

a firearm in the commission of murder, two counts of attempted robbery, and two counts of using

a firearm in the commission of an attempted robbery.  On appeal, he contends the trial court

erred in denying his motion for a new trial based on after-discovered evidence.  We hold the trial

court did not err in denying the motion for a new trial, and we affirm appellant's convictions.

       A motion for a new trial based on after-discovered evidence "is a matter submitted to the

sound discretion of the circuit court and will be granted only under unusual circumstances after

particular care and caution has been given to the evidence presented."  Orndorff v.

Commonwealth, 271 Va. 486, 501, 628 S.E.2d 344, 352 (2006).  A party seeking a new trial

must show the evidence:

              (1) appears to have been discovered subsequent to the trial;
              (2) could not have been secured for use at the trial in the exercise

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial.

Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983). The moving party "must establish each of these mandatory criteria." Commonwealth v. Tweed, 264 Va. 524, 528, 570 S.E.2d 797, 800 (2002).

On appeal, appellant contests the trial court's statement about requirement two that it was "not sure" appellant had established "the evidence could not have been secured for use at trial in the exercise of reasonable diligence." Appellant also contests the trial court's express finding on requirement four that appellant was "[not] . . . even close to" proving the after-discovered evidence was "material and should produce an opposite result at another trial."[1] We hold the trial court did not abuse its discretion in concluding under prong four that Thurman Brown's testimony would not produce a different result. Thus, we affirm the trial court's denial of the new trial motion without evaluating the sufficiency of the evidence to prove reasonable diligence under prong two.

Prong four of the after-discovered evidence test requires proof that the evidence is "material, and such as should produce opposite results on the merits" at another trial. Odum, 225 Va. at 130, 301 S.E.2d at 149. This standard has also been expressed as requiring the evidence to be such that it "'ought to produce opposite results on the merits'" at another trial. Lewis v. Commonwealth, 209 Va. 602, 608-09, 166 S.E.2d 248, 253 (1969) (quoting Reiber v. James M. Duncan, Jr. & Assocs., Inc., 206 Va. 657, 663, 145 S.E.2d 157, 162 (1965)).

Appellant conceded in the trial court that, although Brown originally testified at the hearing on the motion for a new trial that appellant was "not the man" who shot the victim,

---

[1] The trial court assumed the first and third requirements had been met, and the Commonwealth does not seriously dispute these assumptions on appeal.

Brown admitted later during the hearing that he never saw the shooter's face and could not describe him. When the trial court inquired of Brown, "How do you know it wasn't him?", Brown responded, "How do they[, referring to the two witnesses who testified at trial that appellant was the shooter,] know it *was* him?" because "*nobody* [could have] see[n] his face." (Emphases added). Appellant's counsel noted in argument in the trial court, "Mr. Brown quite candidly indicates it was too dark for him to make out the face of any person."

On appeal, appellant casts Brown's testimony as first "stat[ing] emphatically that he could tell that the shooter was not [appellant]" and later "stat[ing] that he did not see the [shooter's] face." He argues that these "conflicts and inconsistencies" were for a jury to resolve in a new trial. He also argues that a jury should have been allowed to determine whether the testimony of eyewitness Jack Groder, who averred he saw the shooter's face clearly and was certain the shooter was appellant, was more credible than the testimony of Brown, who insisted appellant was not the shooter and that no one could have seen the shooter's face clearly because the lighting was poor and the shooter was wearing a hood. Citing Hopkins v. Commonwealth, 19 Va. App. 1, 448 S.E.2d 316 (1994), appellant argues that the trial court was compelled to grant his motion for a new trial because only a jury in a new trial was permitted to weigh this conflicting testimony. This argument fails to acknowledge, however, that the panel decision in that case was reversed on rehearing *en banc*, Hopkins v. Commonwealth, 20 Va. App. 242, 456 S.E.2d 147 (1995), resulting in an affirmance of the trial court's denial of the motion for a new trial in that case.[2]

The Virginia Supreme Court has also recently clarified these principles, holding that:

> When . . . the evidence supporting the new trial motion is
> contradicted by evidence in opposition to the motion, *the circuit
> court is not permitted to presume that the moving party's evidence*

---

[2] At oral argument, appellant acknowledged the *en banc* reversal in Hopkins but continued to assert the ongoing viability of the legal principle for which he had cited it.

> *is true but is required to weigh all the evidence presented* in
> determining whether the moving party has satisfied the materiality
> standard articulated in Odum.  Thus, when a circuit court is
> presented with conflicting evidence in considering a motion for a
> new trial, *the court's role resembles that of a fact finder* in
> determining whether the evidence is such that it *should* produce an
> opposite result on the merits at a new trial.

Orndorff, 271 Va. at 504-05, 628 S.E.2d at 354 (emphases added) (citations omitted); see

Hopkins, 20 Va. App. at 250-52, 456 S.E.2d at 150-52 (upholding denial of new trial motion

where eyewitness who testified at trial reaffirmed identification of defendant as killer and

after-discovered evidence came from witnesses who gave self-contradictory testimony, and

distinguishing Hines v. Commonwealth, 136 Va. 728, 117 S.E. 843 (1923), on ground that

Hines's conviction was based on purely circumstantial evidence of guilt and strong

after-discovered evidence that came from multiple sources).

Under this standard, we hold the trial court acted within its discretion in weighing all the

evidence and concluding that Brown's testimony would not produce a different result in a new

trial.  As the trial court noted, Brown testified he believed the events occurred between 2:00 and

3:00 a.m., whereas the evidence at trial, including emergency room records, established that the

victim was shot and died before midnight.  The record also showed that some of Brown's

testimony about the sequence of events in the underlying drug transaction was inconsistent with

the testimony of Groder and Alton Archie.  Further, Groder, who was within a few feet of the

shooter, testified that lighting conditions were adequate to allow him to see the shooter's face

clearly, and Groder stated unequivocally that appellant, whom he had seen in even better lighting

a few moments earlier, was the perpetrator.  The Commonwealth also offered evidence from

Investigator Robert Quick, who viewed the scene at night, took photos, and testified the lighting

was sufficient to have permitted a person located in Groder's position to "clearly see anyone

standing in the grassy area" where the shooter stood.  Groder was much nearer to the shooter

than Brown, which readily explained why Groder was able to see the shooter's face when Brown admitted he could not.  This evidence, viewed as a whole, supported the trial court's finding that Brown's testimony, if admitted in a new trial, ought not to produce an opposite result on the merits.  See Orndorff, 271 Va. at 504-05, 628 S.E.2d at 354 (holding that on contradictory evidence, "the circuit court is not permitted to presume that the moving party's evidence is true but is required to weigh all the evidence presented in determining whether the moving party has satisfied the materiality standard").

Because the evidence supported a finding that appellant failed to prove the fourth prong of the after-discovered evidence test, we hold the trial court did not abuse its discretion in denying appellant's motion for a new trial.  Thus, we affirm appellant's convictions.

Affirmed.