COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Elder and McClanahan
Argued at Charlottesville, Virginia

JANICE LARUE ORNDORFF

                                              MEMORANDUM OPINION* BY
v.        Record No. 0495-07-4            CHIEF JUDGE WALTER S. FELTON, JR.
                                                   APRIL 7, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
LeRoy F. Millette, Jr., Judge

Kimberly A. Irving (Irving & Irving, P.C., on briefs), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Following a jury trial, Janice Larue Orndorff (appellant) was convicted of the

second-degree murder of her husband, in violation of Code § 18.2-32, and of the use of a firearm

in the commission of that murder, in violation of Code § 18.2-53.1. After the jury found

appellant guilty of both offenses, rejecting her claim of self-defense, she sought a new trial based

on her assertion of after-discovered evidence that she suffered from dissociative identity disorder

(DID) at the time of the incident, which she contended would support an insanity defense.[1]

--------

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Diagnostic and Statistical Manual of Mental Disorders states that the four
diagnostic criteria of DID are:

> (A) the presence of two or more distinct identities or personality
> states (each with its own relatively enduring pattern of perceiving,
> relating to, and thinking about the environment and self)[;] (B) at
> least two of these identities or personality states recurrently take
> control of the person's behavior[;] (C) inability to recall important
> personal information that is too extensive to be explained by
> ordinary forgetfulness[; and] (D) the disturbance is not due to the

Following a hearing, the trial court found appellant not competent to participate in the sentencing phase of her trial, based on her behavior and evaluations presented by her mental health witnesses, and committed her to Central State Hospital ("Central State") for further evaluation. Appellant remained at Central State for eight months. After a hearing, the trial court certified that appellant was competent to participate in the sentencing phase of her trial.

The trial court permitted appellant to present her DID evidence to the jury during the sentencing phase as mitigation evidence. She again moved for a new trial based on after-discovered evidence. The jury fixed appellant's sentence at 32 years imprisonment for her murder conviction and three years imprisonment for the firearm conviction. The trial court then denied appellant's motion for a new trial. It found her DID evidence "would not produce opposite results on the merits at another trial," as the jury heard that evidence and yet sentenced appellant to a lengthy term of confinement.

A divided panel of this Court reversed the trial court's judgment and vacated appellant's convictions, concluding the trial court abused its discretion in denying her motion for a new trial based on after-discovered evidence. Orndorff v. Commonwealth, 44 Va. App. 368, 406, 605 S.E.2d 307, 326 (2004).

We granted the Commonwealth's petition for rehearing en banc. A majority of this Court held the trial court did not err in denying appellant's motion for a new trial, and affirmed her convictions. Orndorff v. Commonwealth, 45 Va. App. 822, 846-47, 613 S.E.2d 876, 888 (2005) (en banc).

---

direct physiological effects of a substance, (e.g., blackouts or chaotic behavior during alcohol intoxication) or a general medical condition, (e.g., complex partial seizures).

The American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders § 300.14, at 487 (4th ed. 1994).

The Supreme Court reversed the en banc decision of this Court. It held the trial court abused its discretion by applying an incorrect standard in its application of the "materiality" prong of the Odum test, i.e., whether the after-discovered evidence should produce opposite results on the merits at a new trial, when it relied on the jury's failure to mitigate her sentence after hearing her DID evidence. Orndorff v. Commonwealth, 271 Va. 486, 504-05, 628 S.E.2d 344, 354-55 (2006) (citing Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983)).[2] Pursuant to the Supreme Court's remand order, we remanded to the trial court for application of the "materiality" prong consistent with the Odum test.

On remand, the trial court denied appellant's motion for a new trial. It concluded that a new jury, hearing evidence of appellant's DID, should not reach a different result than that reached at the first trial. Thereafter, we granted appellant's petition for appeal on the question of whether the trial court erred, on remand, in denying her motion for a new trial based on its finding that her after-discovered evidence should not lead a new jury to reach a different result.[3]

## ANALYSIS

Our review of the record on appeal leads us to conclude the trial court did not err in finding appellant's asserted after-discovered evidence should not result in a different outcome at a new trial.

"'[M]otions for new trials based on after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and

---

[2] The Supreme Court also held the trial court erred in finding appellant failed the "reasonable diligence" component of the Odum test, but that the trial court did not err in finding appellant competent to participate in the sentencing phase of her trial. Orndorff, 271 Va. at 506-07, 628 S.E.2d at 355-56.

[3] Appellant's petition for appeal contains two questions presented: (1) whether the circuit court erred in determining that appellant's after-discovered evidence failed to meet the materiality prong of the Odum test; and (2) whether the circuit court abused its discretion in denying appellant's motion for a new trial based on the after-discovered evidence. Because the two questions are inextricably intertwined, we address them as one.

caution, and are awarded with great reluctance.'"  Commonwealth v. Tweed, 264 Va. 524, 528,

570 S.E.2d 797, 800 (2002) (quoting Stockton v. Commonwealth, 227 Va. 124, 149, 314 S.E.2d

371, 387 (1984)).

To prevail on a motion for a new trial based on after-discovered evidence, appellant must

show that evidence:

> "(1) appears to have been discovered subsequent to the trial;
> (2) could not have been secured for use at the trial in the exercise
> of reasonable diligence by [appellant]; (3) is not merely
> cumulative, corroborative or collateral; and (4) is material, and
> such as should produce opposite results on the merits at another
> trial."

Orndorff, 271 Va. at 501, 628 S.E.2d at 352 (quoting Odum, 225 Va. at 130, 301 S.E.2d at 149).

Here, only the fourth or "materiality" prong of the Odum test, whether the after-discovered

evidence "should produce opposite results on the merits at another trial," is at issue.[4]

Appellant contends the trial court on remand, in its review of the after-discovered

evidence, did not apply the standard mandated by the Supreme Court.  She argues that "[a]ll the

[c]ourt has done after remand is merely substitute the ability of the original jury to view [her]

after-discovered evidence with that of its own."  We disagree.  The record demonstrates the trial

court conducted an independent evaluation of the after-discovered evidence, "mak[ing] its own

determination whether a new jury *that had not previously considered the evidence in the case*

should reach a different result on the merits at a new trial."  See Orndorff, 271 Va. at 505, 628

S.E.2d at 355 (emphasis added).

During the rehearing, the trial court referred to the Supreme Court's remand opinion,

emphasizing that the Supreme Court focused on what effect the evidence should have in a new

trial.  It noted that, because appellant's after-discovered evidence was "'contradicted by evidence

---

[4] The Commonwealth does not dispute that appellant met the first and third prongs under Odum and that the Supreme Court found appellant met the second prong.

- 4 -

in opposition to the motion,'" it was "'not permitted to presume that [appellant's] evidence is true[] but [was] required to weigh all the evidence presented.'" (quoting Orndorff, 271 Va. at 504-05, 628 S.E.2d at 354).  The trial court noted its required role on remand was to "'*resemble*[] that of a fact finder in determining whether the evidence is such that it *should produce an opposite result* [on] the merits [*at*] *a new trial*.'" (quoting Orndorff, 271 Va. at 505, 628 S.E.2d at 354) (emphasis added).

Consistent with the Supreme Court's mandate, the trial court weighed the evidence, including conflicting mental health expert testimony, and found that the after-discovered evidence would not "help the jury conclude that [appellant] . . . truly [suffers from] a dissociative identity disorder that might help them believe her version."

In reaching its conclusion, the trial court found that the absence of evidence that appellant suffered a "lengthy childhood trauma," rising to the level of "horrible[] physical[] and/or sexual abuse" was significant, as that evidence was "distinctive in assessing the credibility or the weight of the expert witnesses," who testified that such trauma was necessary for a person to develop DID. The trial court also found that "there was strong evidence from the doctors and others that saw her at Central State that would [lead] one to believe that [appellant] was a manipulative person who was trying to manipulate the evidence against her."  It found from the evidence that appellant had attended graduate psychology and law courses, "alter[ed] the scene of the offense," called her attorney before calling 911 after the shooting, and "attempt[ed] to bribe a witness to help with her self-defense defense."  The evidence also established that appellant told her jail cellmate, Angela Valentine, that "at any God given time she could be five or twelve, whenever she wanted to be, and she was going to beat them doctors at Central State."

The trial court also noted that appellant raised her insanity defense only after the original jury rejected her claim of self-defense and that she vacillated between normal and bizarre behavior based on whether the trial appeared to be proceeding in her favor.

We cannot conclude from the record on appeal that the trial court abused its discretion in its determination that appellant's asserted after-discovered evidence was not credible and that, because it was not credible, it was not such as should produce opposite results on the merits at another trial.[5] See Odum, 225 Va. at 131, 301 S.E.2d at 149 ("[W]hile the evidence, if believed, was material, the trial court, assessing the credibility of defendant's witnesses both at trial and at the motion hearing, properly could find that it was not such as should produce opposite results on the merits at another trial."); see also Tweed, 264 Va. at 528, 570 S.E.2d at 800 ("'[M]otions for new trials based on after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance.'" (quoting Stockton, 227 Va. at 149, 314 S.E.2d at 387)).

Accordingly, we affirm appellant's convictions.

Affirmed.

---

[5] Because we conclude the trial court did not abuse its discretion in finding that appellant's after-discovered DID evidence was not credible, we need not address the trial court's additional finding that the DID evidence, even if believed, would not support an insanity defense based on the irresistible impulse doctrine.