COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


KENNETH FRANK CREAMER

v.      Record No. 2159-08-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JERE M.H. WILLIS, JR.
DECEMBER 15, 2009


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Frederick B. Lowe, Judge

Afshin Farashahi for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General
(William C. Mims, Attorney General, on brief), for appellee.


On appeal from his jury trial conviction of the first-degree murder of his wife, Kenneth

Frank Creamer contends that the trial court erred:  (1) in ruling that the Commonwealth was not

required to disclose certain allegedly exculpatory information; and (2) in denying his motion to set

aside the verdict based upon the Commonwealth's failure to disclose the allegedly exculpatory

information.  We affirm the judgment of the trial court.

## Background

Creamer's wife was killed in their garage by a bolt fired from a crossbow.  Randall Howes,

who lived next door, testified that after being summoned and entering the garage, he saw the

crossbow "sitting on top of [a] cardboard box" located on the far side of a refrigerator.  Howes

called 911 and, while in the garage, spoke to a 911 dispatcher.  Hearing the arrival of an ambulance,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Howes left the garage for several minutes. He estimated that Creamer remained alone with the deceased victim in the garage for "a couple minutes" before the ambulance crew entered the garage.

Police photographs of the scene, taken subsequent to Howes' initial viewing, showed the crossbow on the garage floor wrapped in a blue bag. Howes testified that he saw no blue bag on the floor when he first entered the garage. He was "positive" that the police photograph did not depict the scene as he initially observed it, prior to the arrival of the police and rescue workers.

Creamer maintained his wife was shot accidentally. He testified that he was packing holiday items in the garage and picked up a blue bag. He said he "tossed" the bag to the side, not knowing its contents, and heard "a poof sound." He then saw that his wife had been struck by a bolt fired from the crossbow, which was in the bag. When confronted with Howes' testimony that he had seen the crossbow on top of a box, Creamer denied that he had touched the crossbow or moved it to the garage floor where it was located when the police arrived.

At trial, the Commonwealth argued that the disparity between Howes' trial testimony and the police photographs demonstrated that Creamer had staged the crime scene while Howes was outside the garage meeting the emergency personnel.

After the jury returned its verdict finding him guilty, but prior to sentencing, Creamer filed a motion for disclosure of specific exculpatory evidence, asserting that the Commonwealth had failed to disclose to him exculpatory information relating to a pre-trial statement Howes had given to the police and a transcript or recording of his call to 911. Creamer also moved that the verdict be set aside on the ground that the allegedly exculpatory information required the granting of a new trial. The Commonwealth denied that the information sought was exculpatory. It submitted the information and a transcript of Howes' trial testimony to the trial court for *in camera* review to determine whether any part of the material was exculpatory.

The trial court reviewed the submitted material *in camera* and ruled that "there was and is nothing in [the material] that could be considered exculpatory." It denied Creamer's motions.

Analysis

Creamer requests this Court to review the material submitted by the Commonwealth for the trial court's *in camera* review to determine whether any part of that information should have been disclosed to him as exculpatory evidence.

In Brady v. Maryland, 373 U.S. 83 (1963), "the Supreme Court of the United States held that due process requires the prosecution to disclose to the defendant all favorable evidence material to his guilt or punishment." Garnett v. Commonwealth, 275 Va. 397, 406, 657 S.E.2d 100, 106 (2008) (citing Brady, 373 U.S. at 86-87).

> "There are three components of a violation of the rule of disclosure first enunciated in Brady: a) the evidence not disclosed to the accused must be favorable to the accused, either because it is exculpatory, or because it may be used for impeachment; b) the evidence not disclosed must have been withheld by the Commonwealth either willfully or inadvertently; and c) the accused must have been prejudiced."

Id. (quoting Workman v. Commonwealth, 272 Va. 633, 644-45, 636 S.E.2d 368, 374 (2006)).

Pursuant to Garnett, we have reviewed *in camera* the material submitted by the Commonwealth. See id. at 407, 657 S.E.2d at 107. We agree with the trial court that the material is not exculpatory. It is totally consistent with Howes' trial testimony. It could not have been used for impeachment. The trial court did not err in denying Creamer's motion for disclosure.

Creamer also contends the trial court erred in denying his motion to set aside the verdict.

> "We have repeatedly and consistently stated that motions for new trials based on after-discovered evidence are addressed to the sound discretion of the trial judge, are not looked upon with favor, are considered with special care and caution, and are awarded with great reluctance. A party who seeks a new trial based upon after-discovered evidence bears the burden to establish

that the evidence (1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial. The moving party must establish each of these mandatory criteria."

Id. at 416-17, 657 S.E.2d at 112 (quoting Commonwealth v. Tweed, 264 Va. 524, 528-29, 570 S.E.2d 797, 800 (2002)).

Even should we assume that Creamer discovered the existence of the allegedly exculpatory material after his trial, he has failed to establish any of the remaining requirements for a new trial. His motion was based on his assertion that the undisclosed material was "potentially exculpatory." The undisclosed material was not exculpatory. The trial court did not err in denying the motion for a new trial.

The judgment of the trial court is affirmed.

Affirmed.