COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Humphreys
Argued by teleconference


JUSTIN T. SCHOENING

MEMORANDUM OPINION[*] BY

v.        Record No. 1845-09-2          JUDGE LARRY G. ELDER
                                        JULY 27, 2010

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

D. Michael Caudill for appellant.

Jennifer C. Williamson, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Justin T. Schoening (appellant) appeals from his bench trial conviction for possessing a

firearm after having been convicted of a felony. On appeal, he contends the court erroneously

denied his motion for a new trial. The motion was filed prior to sentencing and was based on a

letter of recantation from the Commonwealth's primary witness to the crime, appellant's

girlfriend Melissa Zummo, who was the mother of one of his children and was then pregnant

with another of his children. We hold the denial of the motion for a new trial was not error.

Thus, we affirm appellant's conviction.

I.

A motion for a new trial based on after-discovered evidence "is a matter submitted to the

sound discretion of the circuit court and will be granted only under unusual circumstances after

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

particular care and caution has been given to the evidence presented." Orndorff v.

Commonwealth (Orndorff I), 271 Va. 486, 501, 628 S.E.2d 344, 352 (2006).

> [R]ecantation by a State's witness does not necessarily entitle the accused to a new trial. The opportunity and temptation for fraud are so obvious that courts look with suspicion upon such an asserted repudiation of the testimony of a witness for the prosecution, and this is so even though the repudiation be sworn to.

Lewis v. Commonwealth, 193 Va. 612, 625, 70 S.E.2d 293, 301 (1952).

A party seeking a new trial must show the evidence:

> (1) appears to have been discovered subsequent to the trial; (2) could not have been secured for use at the trial in the exercise of reasonable diligence by the movant; (3) is not merely cumulative, corroborative or collateral; and (4) is material, and such as should produce opposite results on the merits at another trial.

Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983). "There must be clear and convincing proof that the witness testified falsely at the trial, and not merely proof that by reason of conflicting statements his testimony is unworthy of belief." Lewis, 193 Va. at 625, 70 S.E.2d at 301. The moving party "must establish each of these mandatory criteria." Commonwealth v. Tweed, 264 Va. 524, 528, 570 S.E.2d 797, 800 (2002).

On appeal, appellant contests the trial court's finding that he failed to establish prong four of the after-discovered evidence test, which requires proof that the evidence is "material, and such as should produce opposite results on the merits" at another trial. Odum, 225 Va. at 130, 301 S.E.2d at 149. Citing Whittington v. Commonwealth, 5 Va. App. 212, 361 S.E.2d 449 (1987), appellant argues the trial court was compelled to grant his motion for a new trial because only the fact finder in a new trial was permitted to weigh Zummo's new testimony against the opposite testimony she had given at his trial.

This argument fails to acknowledge the clarification of the applicable principles that occurred subsequent to our panel decision in Whittington. As the Supreme Court has since held:

> When . . . the evidence supporting the new trial motion is contradicted by evidence in opposition to the motion, *the circuit court is not permitted to presume that the moving party's evidence is true but is required to weigh all the evidence presented* in determining whether the moving party has satisfied the materiality standard articulated in <u>Odum</u>. Thus, when a circuit court is presented with conflicting evidence in considering a motion for a new trial, *the court's role resembles that of a fact finder* in determining whether the evidence is such that it *should* produce an opposite result on the merits at a new trial.

<u>Orndorff I</u>, 271 Va. at 504-05, 628 S.E.2d at 354 (emphases added) (citations omitted); <u>see</u> <u>Hopkins v. Commonwealth</u>, 20 Va. App. 242, 250-52, 456 S.E.2d 147, 150-52 (1995) (en banc) (also approving the trial court's denial of a new trial motion based on its weighing of conflicting testimony in order to determine whether the new evidence "was . . . such as should produce an opposite result on the merits at a new trial"). In short, if the new evidence is such that it *could*, if believed, produce an opposite result on the merits at a new trial, the trial court must also determine whether it *should* produce such a result, i.e., whether it is credible. If the trial court finds, per <u>Orndorff I</u>, that the new evidence is not credible, this credibility determination controls, and the trial court must deny the motion for a new trial. These principles have been applied when the original fact finder was a jury, <u>see</u> <u>Orndorff v. Commonwealth (Orndorff II)</u>, 279 Va. 597, 604-05, 691 S.E.2d 177, 181-82 (2010) (appeal after remand of <u>Orndorff I</u>); <u>Hopkins</u>, 20 Va. App. at 246, 250-52, 456 S.E.2d at 149, 150-52, and appellant has advanced no reason why they should not also apply when a judge served as the original fact finder.

Finally, when the circuit court applies the proper standard, "the appellate court may not substitute its own judgment of the record, but must defer to the circuit court which had the opportunity to assess the credibility of the witnesses and was in the best position to determine the weight to be accorded the evidence." <u>Orndorff II</u>, 279 Va. at 605, 691 S.E.2d at 181.

Under these principles, we hold the trial court acted within its discretion in weighing all the evidence and concluding that Zummo's latest testimony at the hearing on the motion for a

new trial would not produce a different result in a new trial. In ruling on the motion for a new trial, the court noted it "had the advantage of being the trier of fact in the previous case," that it "remember[ed] the testimony well," and that "it stood out in the Court's mind." The record confirms that Judge Sanner in fact presided over both appellant's trial for the instant offense and appellant's motion for a new trial.

Judge Sanner described in detail what he observed about Zummo's testimony at trial that caused him to find she was telling the truth in that proceeding, including the fact that she "g[a]ve [only] the very minimum information that [she could] in terms of what [she was] asked." He observed that if she had fabricated her trial testimony to falsely incriminate appellant, she could have done so most effectively by testifying she saw him bring the shotgun into the house but she testified, instead, that she did not know whether appellant or one of the two men with whom he entered the residence brought the gun inside. Judge Sanner also observed that, despite Zummo's testimony on the motion for a new trial that she had been under the influence of several prescription medications at trial, he saw "no evidence" that she was under the influence in any way that day and that "nothing . . . indicated she did not understand the questions [asked] or was not responding to them in an appropriate fashion."

Further, Judge Sanner observed, in contrast to Zummo's testimony at trial, she appeared evasive and hostile to the Commonwealth's questions in her testimony at the hearing on the motion for a new trial. He noted her strong motivation to lie at the motion hearing in order to protect appellant—someone Zummo "obviously[] cares for" and whose child she was carrying at the time—from an "arguable . . . mandatory period[] of confinement." Based on the totality of the circumstances, Judge Sanner concluded by clear and convincing evidence that "Zummo lied" in her testimony at the motion hearing and "not at the original trial."

Finally, although not specifically mentioned by the judge, Zummo's testimony at the hearing on the motion for a new trial was internally inconsistent, further supporting the trial court's denial of the motion. Zummo testified first, on direct examination at the motion hearing, that "[a] couple people that [appellant] worked with had told [*appellant*] about [the shotgun]." (Emphasis added). Zummo testified explicitly that *appellant* called her to tell her about the shotgun and that "[she] [then] talked . . . to the people and got them to bring [the shotgun] to the house for [appellant's] son," who had expressed a desire to receive a shotgun for his birthday. However, Zummo later testified that a friend of appellant's and an acquaintance of his "just happened to . . . randomly call [her]," "out of the blue," to ask whether she wanted to buy the shotgun at issue. She said they lived in the same neighborhood and were "just calling people that they knew," and she gave no indication that appellant was involved in any way in their making contact with her about selling the gun. She also equivocated regarding how much she paid for the gun, testifying at first that she "gave them the thirty . . . or forty . . . bucks, whatever it was," and later settling on "forty dollars."

This evidence, viewed as a whole, supports the trial court's finding that Zummo's new testimony was not credible and, thus, that appellant was not entitled to a new trial.

II.

Because the evidence supported a finding that appellant failed to prove the fourth prong of the after-discovered evidence test, we hold the trial court did not abuse its discretion in denying appellant's motion for a new trial. Thus, we affirm appellant's conviction.

Affirmed.