COURT OF APPEALS OF VIRGINIA

Present: Judges Kelsey, Petty and Beales
Argued at Chesapeake, Virginia

RICHARD MICHAEL ANDERSON

MEMORANDUM OPINION* BY
v.          Record No. 0763-10-1          JUDGE D. ARTHUR KELSEY
                                          JUNE 28, 2011

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Rodham T. Delk, Jr., Judge

Tessie O. Barnes Bacon (CowanGates PC, on briefs), for
appellant.

John W. Blanton, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


A jury found Richard Michael Anderson guilty of forcible sodomy of a nine-year-old

child. See Code § 18.2-67.1(A). On appeal, Anderson claims the trial court erroneously

admitted hearsay evidence and refused, after the jury verdict, to consider additional evidence.

Finding the assertions either waived or unpersuasive, we affirm.

I. EVIDENTIARY OBJECTION

At Anderson's jury trial, a social worker testified she and a deputy sheriff visited the

victim's home to investigate a complaint of sexual abuse. When asked to restate what the victim

said to the social worker, Anderson's counsel objected: "Your Honor, that's hearsay." App. at

26. The prosecutor responded: "Judge, that is not hearsay under [the] exception to hearsay rule.

That goes under recent complaint." Id. Anderson's counsel disagreed, claiming it was still

"hearsay" because the recent complaint exception applies only to an "initial complaint," a point

already established by the mere fact of the investigation. Id. The trial court then asked the

--------

* Pursuant to Code § 17.1-413(A), this opinion is not designated for publication. We
recite only those facts necessary to address the issues properly preserved for appeal.

prosecutor if he was offering it for the "truth of what was said." Id. The prosecutor said he was not, and the trial court overruled the objection.

The social worker then summarized the victim's complaint. Anderson's counsel did not object to any of the details of the testimony or contend it exceeded the scope of the recent complaint rule. Nor did Anderson's counsel request from the court a cautionary instruction pointing out that the testimony should be received not as independent proof of the facts recited but only as corroboration of the victim's testimony.[1] The victim later testified in detail regarding the sexual abuse.

On appeal, Anderson makes five arguments seeking to demonstrate the trial court's error in overruling his hearsay objection. He contends (i) the trial court erroneously "admitted the statement as a recent complaint, instead of non-hearsay evidence," (ii) "applying the plain meaning of the Va. Code § 19.2-268.2, the statements at issue do not qualify under the recent complaint hearsay exception," (iii) "the alleged statements are 'uniquely probative' and are hearsay," (iv) the social worker's testimony "exceeded the scope of the recent complaint hearsay exception," and (v) "the alleged complaints at issue are not 'complaints' under the exception." Appellant's Br. at 5-6.

Under Rule 5A:18, a proper objection in the trial court serves as a "precondition to appellate review." Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." Id. (emphasis in original). An "appellate court, in fairness to the trial judge, should not . . . put a different twist on a question that is at

---

[1] See generally Manetta v. Commonwealth, 231 Va. 123, 127 n.2, 340 S.E.2d 828, 830 n.2 (1986) ("The court was not required to give such an instruction *sua sponte*."); see also Hodges v. Commonwealth, 272 Va. 418, 433 n.8, 634 S.E.2d 680, 688 n.8 (2006).

odds with the question presented to the trial court." Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999).

In addition, the "same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004); see also Riner v. Commonwealth, 268 Va. 296, 325, 601 S.E.2d 555, 571 (2004) (holding that appellant waived challenge to double-tier hearsay by failing to specifically object to trial court's incomplete ruling as to only one of the two tiers). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*), aff'd by unpublished order, No. 040019 (Va. Oct. 15, 2004).[2]

At trial, Anderson's counsel objected to the social worker's testimony as hearsay contending the victim's statement was not the "initial complaint" under the recent complaint rule. App. at 26; see also Appellant's Br. at 12 (repeating argument on appeal that "the complaint still must be an initial one"). That being the only assertion made in the trial court, it is the only assertion we decide on appeal.[3] On this point, like the trial court, we reject Anderson's contention that the recent complaint rule applies only to an *initial* complaint of abuse.

Code § 19.2-268.2 codified the recent complaint exception to the hearsay rule. See Brown v. Commonwealth, 37 Va. App. 169, 554 S.E.2d 711 (2001); Terry v. Commonwealth, 24 Va. App. 627, 484 S.E.2d 614 (1997). Code § 19.2-268.2 permits testimony of the "fact that the

---

[2] See also West Alexandria Prop., Inc. v. First Va. Mortgage & Real Estate Inv. Trust, 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980) ("On appeal, though taking the same general position as in the trial court, an appellant may not rely on reasons which could have been but were not raised for the benefit of the lower court."); Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994) (holding that an appellate court will not consider an argument on appeal different from one raised at trial even if it is related to the same issue).

[3] On appeal, Anderson "does not argue that any exception to Rule 5A:18 applies, and we will not invoke one *sua sponte*." Bunch v. Commonwealth, 51 Va. App. 491, 497 n.2, 658 S.E.2d 724, 726 n.2 (2008) (citing Edwards, 41 Va. App. at 761, 589 S.E.2d at 448).

person injured made complaint of the offense . . . not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness." The recent complaint rule, Professor Friend explains, "is usually described as an 'exception' to the hearsay rule, but it is also related to the principle . . . that a statement is 'not hearsay' if offered solely to prove that the statement was made." Charles E. Friend, The Law of Evidence in Virginia § 18-32, at 821-23 (6th ed. 2003) (comparing recent complaint corroboration to admission of prior consistent statements).[4]

Contrary to Anderson's argument, nothing in the statute or our caselaw limits the recent complaint rule to an *initial* complaint. To be sure, we have specifically rejected the contention that the recent complaint exception applies only to

> the victim's "first complaint." However, neither the common law nor Code § 19.2-268.2 conditions admissibility of a victim's complaint on whether the complaint is the victim's "first" outcry. Rather, all that is required is that the complaint was made "recently after commission of the offense." "Recent" does not necessarily equate to "first." . . . Thus, to the extent that [defendant] argues that the letter is inadmissible because it is not a "first" complaint, that argument has no merit.

Wilson v. Commonwealth, 46 Va. App. 73, 86, 615 S.E.2d 500, 506 (2005). For this reason, the trial court did not err in not excluding the testimony of the social worker on the ground that the recent complaint rule applies only to the "initial complaint" of the victim. App. at 26.[5]

---

[4] Anderson's argument on appeal presupposes the "statement was admitted pursuant to the recent complaint exception to the hearsay rule." Appellant's Br. at 7. For purposes of our analysis, we assume *arguendo* this to be true.

[5] Given our holding, we need not address whether the alleged error was harmless because the objected-to evidence was "merely cumulative of other competent evidence properly admitted," Greenway v. Commonwealth, 254 Va. 147, 154, 487 S.E.2d 224, 228 (1997) (citation omitted) — specifically the deputy sheriff's testimony that the victim and his mother alleged Anderson had sodomized the victim, the social worker's testimony that she visited the victim's home to investigate sexual abuse, and the victim's testimony that detailed the circumstances under which the sodomy occurred. Nor do we need to decide whether the social worker's testimony, in context, exceeded the discretionary scope of the recent complaint rule. See

## II. FAILURE TO CONSIDER AFTER-DISCOVERED EVIDENCE

The jury convicted Anderson and fixed his sentence at ten years in prison. At the sentencing hearing four months later, Anderson's counsel stated he had become "aware of a situation and I just wanted to put it on the record." App. at 182. After the jury trial, counsel stated he obtained an affidavit suggesting the victim was with his biological father, not with Anderson, on the offense date identified in the indictment. Anderson's counsel added that the Commonwealth "did not have any knowledge" of the affidavit. Id. at 183.

The prosecutor responded by advising the trial court the document was not an affidavit, was inadmissible, did not involve facts undiscoverable before trial, and contradicted the testimony of the victim's mother. Id. at 184-86. The prosecutor concluded, "The information in this letter that the defense has is riddled with inconsistencies and [the] Commonwealth would object to it being accepted for any reason whatsoever." Id. at 186. Anderson's counsel replied, "Your Honor, *I agree with what the Commonwealth said.* I just wanted to make sure - - " Id. (emphasis added). The trial court interrupted and assured counsel, "It is in the record and the Court passes no judgment on it other than noting that you have made a proffer and the Commonwealth has responded." Id. at 186-87. "Yes, sir," Anderson's counsel concluded, "Thank you, Your Honor." Id. at 187.

On appeal, Anderson argues we should vacate his conviction because the "trial court erred by refusing to consider Anderson's after-discovered exculpatory evidence and in refusing to grant a new trial in light of the after-discovered exculpatory evidence." Appellant's Br. at 13. We reject this assertion on several grounds.

---

Breeden v. Commonwealth, 43 Va. App. 169, 187, 596 S.E.2d 563, 572 (2004) ("'[t]he details of the . . . complaint were elements of the offense. Without those details, the complaint would have been incomplete.' Accordingly, it was proper for the trial court to admit those details 'to corroborate [the complaining witness'] testimony and other independent evidence of the offense,'" quoting Mitchell v. Commonwealth, 25 Va. App. 81, 86, 486 S.E.2d 551, 553 (1997)). Anderson never objected to the scope of the social worker's testimony on this basis.

First, Anderson made no oral or written motion asking the court to set aside the jury verdict and order a new trial.  As noted earlier, an appellate court is "a court of review, not of first view."  Skinner v. Switzer, 131 S.Ct. 1289, 1300 (2011) (citation omitted).  Thus, we cannot fault the trial court for not awarding relief Anderson never asked for or, for that matter, finding it "erred in making a ruling that it did not make."  Royal Indem. Co. v. Tyco Fire Prods., LP, 281 Va. 157, 171, 704 S.E.2d 91, 98 (2011).  That is particularly true where, as here, the defendant fails to alert the trial judge to "the *precise question* or questions he is called upon to decide."  Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (citation omitted and emphasis added); see, e.g., Cheng v. Commonwealth, 240 Va. 26, 38, 393 S.E.2d 599, 606 (1990) (holding that improper comments during argument will not be considered on appeal unless the opposing party moves for a cautionary instruction or for a mistrial).

Second, like the trial court, we interpret counsel's remarks in the context of his avowed purpose.  Having been "made aware of a situation," counsel stated, he "just wanted to put it on the record."  App. at 182.  At the end of counsel's remarks, the trial court reassured him that his proffer was "in the record" along with the Commonwealth's response.  Id. at 186-87.  "Yes, sir. Thank you, Your Honor," counsel concluded.  Id. at 187; see, e.g., Juniper v. Commonwealth, 271 Va. 362, 386, 626 S.E.2d 383, 399 (2006) (holding counsel "acquiesced" in the trial court's decision by responding to it with, "That's fine").

Finally, Anderson's counsel advised the trial court that he agreed "with what the Commonwealth said," App. at 186 — *i.e.*, that the putative affidavit was "riddled with inconsistencies" and inadmissible on several grounds.  Id.  By doing so, counsel took off the table any need for the trial court to consider the demanding "mandatory criteria" necessary to obtain relief based upon after-discovered evidence, Avent v. Commonwealth, 279 Va. 175, 206, 688 S.E.2d 244, 261 (2010) (citation omitted), particularly given that such requests are "not

looked upon with favor, are considered with special care and caution, and are awarded with great reluctance." Id. (quoting Odum v. Commonwealth, 225 Va. 123, 130, 301 S.E.2d 145, 149 (1983)); see also Commonwealth v. Tweed, 264 Va. 524, 528, 570 S.E.2d 797, 800 (2002) (stating that governing precedent has "repeatedly and consistently" emphasized the high threshold necessary for such relief).[6]

### III. CONCLUSION

Of the many arguments Anderson has asserted on appeal, only one was properly raised below: whether the social worker's testimony failed to satisfy the recent complaint rule because the victim's statement was not his initial complaint. Finding no merit in this argument, and finding all others procedurally defaulted, we affirm Anderson's conviction for forcible sodomy in violation of Code § 18.2-67.1(A).

Affirmed.

---

[6] The Commonwealth argues that, even if Anderson had sought a new trial based on after-discovered evidence, his proffer on its face fails to satisfy the "mandatory criteria" necessary to obtain such extraordinary relief. See generally Avent, 279 Va. at 206, 688 S.E.2d at 261; Tweed, 264 Va. at 528-29, 570 S.E.2d at 800. Because Anderson failed to ask for such relief, we need not decide whether his proffer satisfied these requirements.