COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Lorish and Frucci

SHAWN LAMONT CUFFEE

v.     Record No. 0834-24-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LISA M. LORISH
SEPTEMBER 23, 2025

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Douglas B. Ottinger, Judge

(Monica Tuck, Assistant Public Defender; Virginia Indigent Defense
Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Allison M. Mentch, Assistant
Attorney General, on brief), for appellee.

Following a jury trial, the trial court convicted Shawn Lamont Cuffee of abduction. On

appeal, Cuffee argues that the trial court erred by denying his motion to strike Juror 42 for cause

and by allowing Jury Instruction 17, which he argues addressed the credibility of the

complaining witness. For the following reasons, we affirm his conviction.[1]

BACKGROUND[2]

There is no challenge to the sufficiency of the evidence here, so we only briefly survey the

facts to provide context for the juror challenge and jury instruction issue. After a romantic

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that
oral argument is unnecessary because "the appeal is wholly without merit." *See* Code
§ 17.1-403(ii)(a); Rule 5A:27(a).

[2] "Consistent with the standard of review when a criminal appellant challenges the
sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the
Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74
Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

relationship between Cuffee and M.B. ended, they kept living together while Cuffee worked on alternate housing arrangements. On the night leading to the conviction here, M.B. testified that Cuffee sexually assaulted her. After the alleged assault, Cuffee refused to let M.B. leave and insisted that she stay on the bed. When he eventually let her use the bathroom, which was connected to the bedroom, M.B. tried to sneak her phone into the bathroom. Before she could contact the police, however, Cuffee entered the bathroom and grabbed the cell phone from her hands. Cuffee threw the phone, pushed M.B. onto the bed, and refused to let her leave. The next morning, M.B. found her phone and discretely texted 911. Police officers arrived at the residence and arrested Cuffee.

Jury Selection

At the outset of voir dire, the trial court asked the prospective jurors several questions. Their responses indicated that they had no personal interest in the case, that they had not obtained information about the alleged offenses, that they had no bias or prejudice against Cuffee or the Commonwealth, and that they had not formed any opinion about Cuffee's guilt or innocence. The prospective jurors also confirmed that they understood the Commonwealth carried the burden to prove Cuffee's guilt and promised to follow the law. They confirmed that they understood that Cuffee was presumed innocent and that he did not have to testify on his own behalf.

Cuffee's attorney asked the prospective jurors if they or "any member of [their] immediate family [had] ever been the victim of a violent crime." Juror 42 indicated that his nephew and wife were victims of sexual assault. The trial court engaged in the following line of questioning with Juror 42:

> [Court]: So would that affect your ability to be completely unbiased and impartial in sitting as a juror in this case?
>
> Juror [42]: I'm not sure.

> [Court]: Are you indicating to the Court that it is hard to tell until you hear something? You don't know anything about the case right now.
>
> Juror [42]: Right, I don't know anything about the case, but it might be difficult for me to --
>
> [Court]: Be fair and impartial?
>
> Juror [42]: Possibly.

The trial court permitted counsel to ask additional questions:

> [Prosecutor]: Sir, do you think you would be able to keep an open mind when you are hearing the evidence?
>
> Juror [42]: Yes.
>
> [Prosecutor]: All right. And do you think that if the [j]udge were to instruct you about the law, you would be able to apply that law to the evidence that you have heard?
>
> Juror [42]: Yes.

Defense counsel did not ask any questions; he then moved to strike Juror 42 for cause, which the trial court denied.[3]

Jury Instructions

At the conclusion of the Commonwealth's evidence, the parties discussed jury instructions. The Commonwealth offered Instruction 17, which read, "The fact that [M.B.] made the complaint of the offenses recently after commission of the offenses is corroboration of [M.B.]'s testimony in court." Defense counsel objected, stating it was "not a model instruction." The trial court commented that the instruction was "straight out of the rules of evidence" and stated:

> It's the [c]ourt's position that in any prosecution for criminal sexual assault, including what we have in this case, the fact that the person injured complained of the offense recently after

___

[3] The record does not indicate if Cuffee used a peremptory strike to remove Juror 42 from the venire panel.

- 3 -

commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness, relying upon *Jenkins v. Commonwealth*, 254 Va. 333 [(1997)], so the [c]ourt's going to overrule the objection on that one as well.

The jury found Cuffee guilty of abduction. The trial court sentenced Cuffee to ten years of incarceration, with eight years suspended. This appeal followed.

ANALYSIS

I. The trial court did not err in denying Cuffee's motion to strike Juror 42.

Cuffee argues that the trial court erred by denying his motion to strike Juror 42 for cause. He asserts that Juror 42 "equivocated and expressed uncertainty" when asked if he could be impartial, unbiased, and fair and that the "only effort to rehabilitate [Juror 42] consisted of two very general leading questions from the Commonwealth to which he simply responded 'yes.'" Cuffee contends he "was deprived of his Constitutional right to be tried by a fair and impartial jury." We disagree.

"The striking of any individual potential juror for cause . . . is committed to the sound discretion of the trial court." *Grimaldo v. Commonwealth*, 82 Va. App. 304, 315 (2024) (alteration in original) (quoting *Warren v. Commonwealth*, 76 Va. App. 788, 799 (2023)). The trial court is "able to see and hear each member of the venire respond to questions posed" and "is in a superior position to determine whether a prospective juror's responses during *voir dire* indicate that the juror would be prevented from or impaired in performing the duties of a juror." *Huguely v. Commonwealth*, 63 Va. App. 92, 121 (2014) (quoting *Townsend v. Commonwealth*, 270 Va. 325, 329 (2005)). "A reviewing court must defer to a trial court's ruling, and the decision to retain or exclude a prospective juror for cause 'will not be disturbed on appeal unless there has been a manifest error amounting to an abuse of discretion.'" *Grimaldo*, 82 Va. App. at 315 (quoting *Huguely*, 63 Va. App. at 121). "In determining whether the trial court should have excluded the

prospective jurors challenged by appellant, this Court must consider the 'entire *voir dire*, not just isolated portions.'" *Lovos-Rivas v. Commonwealth*, 58 Va. App. 55, 62 (2011) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 401 (2006)).

"If a prospective juror 'does not stand indifferent to the cause, he is not competent. If he has any interest in the cause, or is related to either party, or has expressed or formed any opinion, or is sensible of any bias or prejudice, he is excluded by the law.'" *Id.* at 60-61 (quoting *Spangler v. Ashwell*, 116 Va. 992, 996-97 (1914)). "However, '[i]t is not uncommon to discover during *voir dire* that prospective jurors have preconceived notions, opinions, or misconceptions about the criminal justice system, criminal trials and procedure, or about the particular case.'" *Id.* at 61 (alteration in original) (quoting *Cressell v. Commonwealth*, 32 Va. App. 744, 761 (2000)). "The opinion entertained by a juror, which disqualifies him, is an opinion of that fixed character which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." *Huguely*, 63 Va. App. at 120-21 (quoting *Justus v. Commonwealth*, 220 Va. 971, 976 (1980)). Thus, "the test of impartiality is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence presented at trial." *Cressell*, 32 Va. App. at 761 (quoting *Griffin v. Commonwealth*, 19 Va. App. 619, 621 (1995)).

Here, all of the prospective jurors indicated that they had no personal interest in the case, that they had not obtained information about the alleged offenses, that they had no bias or prejudice against Cuffee, and that they had not formed any opinion about Cuffee's guilt or innocence. Although Juror 42 expressed that the situations involving his nephew and his wife could "possibly" affect his ability to be fair and impartial, he affirmed that he would keep an open mind and apply the law to the evidence. "A trial judge has an opportunity to hear, observe, and assess the connotations of a juror's response; therefore, equivocal statements alone will not suffice to disqualify a juror." *Cressell*, 32 Va. App. at 761. Juror 42's brief hesitation was an

- 5 -

outlier in the context of the entire voir dire.  Accordingly, the trial court did not commit manifest error by denying Cuffee's motion to strike Juror 42 for cause.

II.  The trial court did not err in issuing Jury Instruction 17.[4]

"It is error to give an instruction that incorrectly states the law; whether a jury instruction accurately states the relevant law is a question of law that we review de novo."  *Payne v. Commonwealth*, 292 Va. 855, 869 (2016) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 228-29 (2013)).  Thus, we must determine whether Instruction 17 "inform[ed] the jury fully and fairly about the law applicable to the particular facts of a case."  *Hawthorne v. VanMarter*, 279 Va. 566, 586 (2010).

The foundation of Jury Instruction 17 lies in the "recent complaint" rule.  This rule, codified in Code § 19.2-268.2,[5] states:

---

[4] We assume without deciding that Cuffee preserved his objection to the accuracy of the jury instruction by generally objecting that the instruction was not a "model instruction" in light of the trial court's response and explanation for giving the instruction.  We also conclude that the best and narrowest ground to resolve this appeal is to address the accuracy question on the merits.  *See, e.g.*, *Durham v. Commonwealth*, 303 Va. 310, 322 n.2 (2024) (holding that addressing the question on the merits, rather than finding it waived, may be the "best and narrowest ground[]" for resolution.).  Even so, Cuffee also argues on brief that Instruction 17 "was an improper comment on the credibility of the complaining witness."  We do not consider this particular argument because nothing about Cuffee's objection that the instruction was not a "model instruction" could be construed as preserving this specific argument.  "The purpose of the rule requiring an adequately articulated objection is to allow both the trial court and the opposing party 'the opportunity to intelligently address, examine, and resolve issues in the trial court' in order to avoid unnecessary appeals and retrials."  *Banks v. Commonwealth*, 67 Va. App. 273, 285 (2017) (quoting *Correll v. Commonwealth*, 42 Va. App. 311, 324 (2004)).  "[A]n argument presented for the first time at oral argument will not be considered by this Court."  *Jacks v. Commonwealth*, 73 Va. App. 473, 479 (2021).  Because Cuffee asserts this argument about credibility for the first time on appeal, and the trial court did not have the opportunity to rule on it, Rule 5A:18 bars us from reaching the merits.

[5] Code § 19.2-268.2's

> origins are found in the common-law rule that a prosecutrix of an alleged rape was required to prove a timely complaint to corroborate her claim that an assault was committed against her will. *Woodard v. Commonwealth*, 19 Va. App. 24, 27 (1994).

> [I]n any prosecution for criminal sexual assault . . . the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the offense, but for the purpose of corroborating the testimony of the complaining witness.

This Court has held that "the function of the evidence of the victim's recent complaint was to add weight and credibility to the direct evidence of the crime, including, but not limited to, the victim's testimony." *Woodard v. Commonwealth*, 19 Va. App. 24, 28 (1994) (affirming trial court's refusal of proposed instruction that inaccurately stated a victim's recent complaint of rape could only corroborate her testimony, when the recent complaint rule also allows it to corroborate other independent evidence of the offense).

In short, it is well-established law that a recent complaint may be "corroborative evidence." *Terry v. Commonwealth*, 24 Va. App. 627, 632 (1997). "[C]orroborative evidence is such evidence as tends in some degree, of its own strength and independently, to support some essential allegation or issue . . . testified to by the witness whose evidence is sought to be corroborated." *Haas v. Commonwealth*, 74 Va. App. 586, 629 (2022) (second alteration in original) (quoting *Commonwealth v. Proffitt*, 292 Va. 626, 638 (2016)). "It is not necessary that the corroborative evidence should of itself be sufficient to support a verdict . . . corroboration only gives more strength than was had before." *Penn v. Manns*, 221 Va. 88, 93 (1980).

While Instruction 17 did not recite Code § 19.2-268.2 in its entirety, or expressly include the qualification that a recent complaint is "not independent evidence of the offense," it did not misstate the law. Contrary to Cuffee's argument, the instruction did not imply that the timeliness of M.B.'s complaint confirmed her testimony. Rather, Jury Instruction 17 properly told the jury

---

Otherwise, the lack of such an outcry was viewed historically as casting doubt on the claim that the crime actually occurred. *See Terry v. Commonwealth*, 24 Va. App. 627, 634 (1997).

*Mayberry v. Commonwealth*, 66 Va. App. 93, 99 (2016).

that the timeliness of M.B.'s complaint served merely to corroborate her in-court testimony. Because the instruction here accurately conveyed the recent complaint rule under Code § 19.2-268.2, we conclude that it was an accurate statement of the law. *See* Code § 8.01-379.2. ("A proposed jury instruction submitted by a party, which constitutes an accurate statement of the law applicable to the case, shall not be withheld from the jury solely for its nonconformance with the model jury instructions."). Accordingly, we affirm the trial court's judgment.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*